THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE CLARK, Plaintiff in Error.

*Opinion filed October 26, 1912—Rehearing denied Dec. 4, 1912.*

1. CRIMINAL LAW—*qualification of rule that statutory offense may be charged in words of statute.* The rule that it is sufficient to charge a statutory offense in the language of the statute or in terms substantially equivalent thereto is subject to the qualification that the indictment must, either by the statutory description or by other apt words, so identify the offense as to meet the requirements of the constitution.

2. SAME—*legislature may provide that property which is the subject of a crime may be described generally.* While the legislature cannot constitutionally enact a law which dispenses with a statement in the indictment of the essential elements of the crime charged against the accused, still it has power to provide that the property which is the subject of the crime may be described in general terms.

3. SAME—*offense of confidence game is complete without regard to kind or amount of money obtained.* Under section 98 of division 1 of the Criminal Code the obtaining of money, in any amount or of any kind or value, by means and use of the confidence game, is an offense the character of which is not affected by the kind or value of the money.

4. SAME—*word "money," in and of itself, imports value.* The word "money," in its ordinary sense, signifies cash or its equivalent, and while it includes coin it is not confined thereto but includes whatever is lawfully current in buying and selling, and such word, in and of itself, imports value.

5. SAME—*when subject of the crime may be described merely as money.* It is within the power of the legislature to provide that it shall be sufficient, in charging an offense where the subject of the crime is money and the grade of the offense does not depend upon the amount, to simply use the word "money," without the addition of other words of particular description.

6. SAME—*statute prescribing form of indictment for obtaining money by means of confidence game is not invalid.* Section 99 of division 1 of the Criminal Code, which specifies what shall be sufficient to charge the offense of the confidence game, is not, as to offenses where the subject of the crime is money, alone, in violation of clause 9 of the bill of rights. (*Morton v. People,* 47 Ill. 468, explained.)

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding.

DAVID D. MADDEN, for plaintiff in error:

In all criminal prosecutions the accused shall have the right to demand the "nature and cause" of the accusation against him. Const. art. 2, sec. 9.

The "nature and cause" of a criminal prosecution or accusation are not equivalent to the "mode or manner." The "nature and cause" refer to the crime committed; the "mode or manner" refers to the specific agency used to accomplish the result. *Wolf* v. *State,* 19 Ohio St. 254; *State* v. *Schnelle,* 24 W. Va. 767; *Noles* v. *State,* 24 Ala. 672; *Rowan* v. *State,* 30 Wis. 149; *Cathcart* v. *Commonwealth,* 37 Pa. St. 108; *Newcomb* v. *State,* 37 Miss. 383.

Even though the form of the indictment is prescribed by statute, the nature and cause of the accusation must be sufficiently averred to notify the defendant of the crime charged. *State* v. *Schnelle,* 24 W. Va. 767; *Rowan* v. *State,* 30 Wis. 129.

While the general rule is that it is sufficient to state the substantive elements of the crime in the language of the statute creating the offense, yet in cases of felony the indictment must, either by the statutory description or by other apt averment, so identify the offense as to meet the requirements of the constitution. *West* v. *People,* 137 Ill. 189; *United States* v. *Simmons,* 96 U. S. 362; *United States* v. *Carll,* 105 id. 612; *United States* v. *Hess,* 124 id. 483; *State* v. *Mace,* 76 Me. 64; *United States* v. *Cruikshank,* 92 U. S. 542; *Commonwealth* v. *Clifford,* 8 Cush. 215; *Commonwealth* v. *Bean,* 14 Gray, 52; *Commonwealth* v. *Filburn,* 119 Mass. 297.

In criminal pleading the highest degree of certainty is always required. *Wilkinson* v. *People,* 226 Ill. 135; *United States* v. *Cruikshank,* 92 U. S. 542; *United States* v. *Simmons,* 96 id. 360.

Following the general language of the statute will not answer only in those instances where all the facts which constitute the offense are set forth in the statute itself. *State* v. *Terry,* 109 Mo. 601; Hughes on Crim. Law and Proc. sec. 2704; *Titus* v. *State,* 47 N. J. L. 36; *State* v. *Smith,* 17 R. I. 371; *West* v. *People,* 137 Ill. 196; *Johnson* v. *People,* 113 id. 99; *Cochran* v. *People,* 175 id. 28; *McNair* v. *People,* 89 id. 441; *United States* v. *Simmons,* 96 U. S. 362; Bishop's New Crim. Proc. sec. 627.

Where money has been obtained, the indictment should describe it with the same particularity and certainty as in an indictment for larceny. *State* v. *Crooker,* 95 Mo. 389; *State* v. *Rochford,* 52 id. 199; *State* v. *Terry,* 109 id. 601; *State* v. *Blizzard,* 70 Md. 385.

WILLIAM H. STEAD, Attorney General, and HARRY B. NORTH, State's Attorney, for the People:

An indictment which charges that the accused unlawfully and feloniously attempted to obtain from a specific person his money "by means and by use of the confidence game," sufficiently describes the offense under the express provisions of section 99 and of section 6 of division 2 of the Criminal Code. *Graham* v. *People,* 181 Ill. 477; *People* v. *Weil,* 244 id. 176, and 243 id. 208; *Morton* v. *People,* 47 id. 468.

Section 99 of the Criminal Code is constitutional, and an indictment drawn in the language of said section is sufficient. *Morton* v. *People,* 47 Ill. 468; *Graham* v. *People,* 181 id. 477.

It was not necessary to set out in the indictment the various devices and means resorted to to obtain the confidence of the prosecuting witness to obtain his money. *People* v. *Weil,* 244 Ill. 176; *DuBois* v. *People,* 200 id. 157.

If an indictment for obtaining money by means of the confidence game names the victim the offense is sufficiently

identified and a conviction of the offense would bar a second prosecution. *DuBois* v. *People,* 200 Ill. 157; *Morton* v. *People,* 47 id. 468.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The plaintiff in error was convicted in the circuit court of Winnebago county upon an indictment containing one count, charging "that George Clark, late of said county, on the fourteenth day of September, in the year of our Lord one thousand nine hundred and eleven, at and within the said county of Winnebago, did unlawfully and feloniously obtain from John Dembinsky his money by means and by use of the confidence game, contrary to the form of the statute in such case made and provided and against the peace and dignity of the same People of the State of Illinois." There is no bill of exceptions in the record. The record shows the arraignment and plea of not guilty, a trial by jury, and a verdict finding the plaintiff in error guilty of obtaining money by means of the confidence game, in manner and form as charged in the indictment. No motion to quash the indictment was made, but after verdict the record shows a motion in arrest of judgment, specifying particularly that the indictment was insufficient to sustain a judgment, was made and overruled, and the plaintiff in error was sentenced to confinement in the penitentiary for a term of not less than one nor more than ten years. This writ of error brings that judgment up for review, and the only error relied upon is the one assigned upon the overruling of the motion in arrest of judgment.

Section 98 of the Criminal Code provides that "every person who shall obtain, or attempt to obtain, from any other person or persons, any money or property, by means or by use of any false or bogus checks, or by any other means, instrument or device, commonly called the confidence game, shall be imprisoned in the penitentiary not less than one year nor more than ten years." Section 99

of the Criminal Code provides as follows: "In every indictment under the preceding section it shall be deemed and held a sufficient description of the offense to charge that the accused did, on, etc., unlawfully and feloniously obtain, or attempt to obtain, (as the case may be,) from A B, (here insert the name of the person defrauded or attempted to be defrauded,) his money (or property, in case it be not money,) by means and by use of the confidence game." The indictment follows the language of the statute and is in the form prescribed in section 99. There is no attempt to describe the money alleged to have been obtained, by stating the kind, character, amount or value thereof, nor is there any averment that a more definite and certain description was unknown to the grand jurors.

Plaintiff in error contends that if section 99 of the Criminal Code be held to authorize an indictment in the form of this one the statute is unconstitutional, in that it deprives the accused of the right "to demand the nature and cause of the accusation and to have a copy thereof," which is guaranteed to him by clause 9 of the bill of rights. Whether the objection urged to this indictment could be disposed of on the ground that the defect, if any, was cured by the verdict has not been argued by counsel, and we will pass that question and consider the case as it has been presented.

The two sections of our statute relating to "confidence game" were passed in their present form in 1867. In 1868 the case of *Morton* v. *People,* 47 Ill. 468, came before this court, in which the constitutionality of the statute was challenged because it authorized an indictment that did not "set out the elements constituting the offense." The objection there urged against the validity of the statute was not sustained. Defendant in error contends that that case and others which follow it are decisive of the question here presented. We do not so understand those cases.

There were two counts in the indictment in the *Morton case,* neither of which is like the indictment in the case at bar. The first count charged that the defendant obtained "from one Daniel Hughes $30 of his money by means and by use of the confidence game." The amount of money obtained was stated in this count. The second count charged that the defendant obtained "from Daniel Hughes one United States legal tender treasury note for the payment of $10 and of the value of $10, one bank note for the payment of $10 and of the value of $10, and two bank notes for the payment of $5 each and of the value of $5 each, the personal property then and there of the said Daniel Hughes, by means and by use then and there of the confidence game," etc. It will be seen that the money was partially described in the first and fully described in the second count. It will further appear from an examination of the opinion in the *Morton case* that the only objection urged against the indictment was that it did not set out the acts performed or the means used which were relied upon as constituting the offense called "confidence game." In answer to this objection the court held that the nature and character of the so-called confidence game had become popularized in most of the cities and large towns and even in the rural districts, and is so well understood as to sufficiently advise the defendant of what he was called upon to defend, and it was further held that the devices by means of which the confidence game is practiced "are as various as the mind of man is suggestive, and it would be impossible for the legislature to define them, and equally so to specify them in an indictment." It is perfectly apparent that what the court had in mind was the sufficiency of the indictment, which employed the words "confidence game" instead of averring the facts constituting the elements of the offense. In *Maxwell* v. *People,* 158 Ill. 248, *Graham* v. *People,* 181 id. 477, and *DuBois* v. *People,* 200 id. 157, which follow the *Morton*

*case,* the question here presented was not involved. As we understand the previous holdings of this court, the question is here squarely presented for the first time whether the legislature has the constitutional power to declare that an indictment charging that the obtaining of "money," without any added words of description whatever, by criminal means, such as embezzlement, larceny, confidence game and the like, shall be sufficient.

The general rule undoubtedly is, that in charging a statutory offense it is sufficient to charge the offense in the language of the statute or in terms substantially equivalent thereto. (*Ritter* v. *State,* 111 Ind. 324; *State* v. *Beach,* 36 L. R. A. 179; *People* v. *Schreiber,* 250 Ill. 345.) But this rule is subject to the qualification that the indictment must either, by the statutory description or by other apt averment, so identify the offense as to meet the requirements of the constitution. (*West* v. *People,* 137 Ill. 189; *Cochran* v. *People,* 175 id. 28.) While a statute cannot dispense with a statement in the indictment of the essential elements of the crime charged against an accused person, still the legislature may provide that the property which is the subject of the crime may be described by words of general description. *Riggs* v. *State,* 3 N. E. Rep. 886.

In *Commonwealth* v. *Bennett,* 118 Mass. 443, Bennett was prosecuted and convicted for embezzlement under a statute which provided that "it shall be sufficient to allege, generally, in the indictment the embezzlement of money to a certain amount, without specifying any particulars of such embezzlement." The indictment charged the embezzlement of "certain money to the amount and value of $25,000," and it was held that the statute was not in conflict with the declaration of rights, which required that the indictment should set forth the offense "fully and plainly, substantially and formally," and that the indictment framed upon said statute was sufficient. The court, on page 452, said: "The allegation here is of an embezzlement of 'cer-

tain money to the amount and value of $25,000.' This is in conformity to the statute and in accordance with the practice which has prevailed under this and previous statutes. * * * Nor is it open to the objection that the offense is not set forth fully and plainly, substantially and formally, as required by the declaration of rights. (Art. 12.) The defendant, if he had desired, could have applied for a specification of the particular acts relied on by the government, as may be done in other cases where the offense is of a general nature and the charge is in general terms. Such an application might have been made at the trial and granted by the court if in its discretion the circumstances of the case required it."

In *Eastman* v. *Commonwealth,* 4 Gray, 416, the indictment charged the defendant with stealing a bank bill, the goods and chattels of one Daniel Carter, and it was held that while a bank bill might not properly be termed goods and chattels, yet those words might be rejected as surplusage and the indictment stand as properly charging a larceny of the property of Carter.

*Brown* v. *People,* 29 Mich. 232, is an authority in point. In that case the accused was prosecuted for the larceny of money. A statute of Michigan provided as follows: "In any prosecution for larceny or robbery of the money, bank notes or promissory notes or bills of exchange of any person, it shall be sufficient to allege, generally, in the indictment a larceny or robbery of money; and it shall be sufficient to maintain the charge in the indictment that any money, bank notes, promissory notes or bills of exchange were stolen or obtained by robbery." The information charged the larceny of "$50 in money" of the value of $50, contrary to the statute, etc. The constitutionality of the statute was assailed, and the identical point was there made that is made in the case at bar and under a constitutional provision similar to the ninth section of our bill of rights. The court sustained the conviction and

the validity of the statute. It was held that the provision of the constitution was not intended to prevent the legislature from dispensing with matters of form, only, in the description of an offense, nor with any degree of particularity or specification in the description which did not give the defendant any substantial and reliable information of the particular offense intended to be proved and without which he would receive substantially the same information. It was there pointed out that at common law an indictment for the larceny of money would not be good without specifying the kind of money and the denomination and value of the same, but it was said that under the rules of criminal procedure at the common law the prosecution was not required to prove the matters of description of money as the same were laid in the indictment; that in furtherance of justice a certain degree of latitude was allowed the prosecution in respect to the kind, character and amount of money stolen. It was argued that the description of the money in the indictment afforded the accused no certain notice of what would be proven on the trial, as it might turn out upon the hearing that the money stolen was not accurately described in the indictment, and the conclusion was reached that the legislature had the constitutional power to dispense with such particulars of description as were not required to be proven as charged under the common law. The indictment in the *Brown case* stated the amount of money to be $50 and of the value of $50, but these were matters that were not required to be proven as charged in the information. A conviction might have been obtained by proving a different amount of money and of different value from that charged in the information, and the reasoning of the opinion, as well as the rule announced, would have led to sustaining the indictment without these particulars of description.

Under our statute the obtaining of money in any amount or of any kind or value by means or use of the

confidence game is an offense. It is as much a violation of the statute to obtain one kind of money as another or one amount as another. If money is obtained by means of the confidence game the offense is complete without reference to the amount, kind or value. The word "money," in its ordinary and popular sense, signifies cash or its equivalent, used as a circulating medium. It is a generic term, and includes coin but is not confined to it. It includes whatever is lawfully and actually current in buying and selling. (*Klauber* v. *Biggerstaff*, 47 Wis. 551.) The word "money," in and of itself, imports value. The word "money," in its generic sense, covers everything which by common consent is made to represent property and passes currently from hand to hand, and includes in common parlance gold and silver coins as well as the various kinds of paper money issued by the United States government. If, as was said in the *Morton case*, the words "confidence game" had become so popularized in the United States and so well understood that the legislature could authorize an indictment charging the offense in those general words without separating the offense into its elementary constituents, surely it may be said of money that it is a term so well understood that when a person is accused of stealing money or obtaining it by other criminal means the legislature may provide that unnecessary and immaterial particulars further identifying the subject of the crime may be omitted from the indictment. If the indictment charged the obtaining of "property" by means of the confidence game, without any other words of description, a more serious question would be presented. But we are not required to determine on this record that question. But even if it be conceded that an indictment merely charging the obtaining of property by means of the confidence game would not be sufficient and that the statute in that respect be unconstitutional, still that would not invalidate that portion of the statute relating to money, which is all that is involved

here. (*Brown* v. *People, supra.*) While an indictment at common law charging the larceny of money, without other words of description, would not be good, still we are of the opinion that it is within the power of the legislature to provide that it shall be sufficient, in charging an offense where the subject of the crime is money and the grade of the offense does not depend upon the amount, to simply use the word "money," without the addition of other words of particular description.

We think the indictment in this case charging that the plaintiff in error obtained money by means and by use of the confidence game sufficiently advised him of the nature and cause of the accusation against him.

The judgment of the circuit court of Winnebago county is affirmed.

                                   *Judgment affirmed.*