(No. 16516.—Judgment reversed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM WALLACE, Plaintiff in Error.

*Opinion filed February 17, 1925.*

1. CRIMINAL LAW—*there must be an accusation charging a violation of criminal law.* No waiver or consent by a defendant to a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law.

2. SAME—*effect of plea of guilty.* A plea of guilty in manner and form as charged in the indictment or information is an admission only of that which is well alleged, and if the information charges no offense the plea confesses nothing, and the defendant may question the sufficiency of the information on motion in arrest of judgment or on writ of error.

3. SAME—*when information states no offense.* An information charging that the defendant did on a certain date "unlawfully sell certain intoxicating liquor," and that he did "unlawfully have in his possession certain intoxicating liquor within prohibition territory with intent to sell the same, in violation of the Prohibition act of the State of Illinois," charges no offense. (*People* v. *Barnes,* 314 Ill. 140, followed.)

4. SAME—*when point may be first made in the reply brief.* One convicted of selling intoxicating liquor in violation of the statute and who moved to arrest judgment for the reason that the verdict was insufficient on which to base the judgment, may in his reply brief raise the point that the information charged no offense, as no judgment will stand without an accusation to support it.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the County Court of Warren county; the Hon. CLINTON H. HUEY, Judge, presiding.

HANLEY & COX, and HARTZELL, CAVANAGH & MARTIN, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CHARLES E. LAUDER, State's Attorney, and GEORGE C. DIXON, (FREDERICK H. LAUDER, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

An information was filed in the county court of Warren county against William Wallace containing three counts, the second of which charged that on September 18, 1923, he did "unlawfully sell certain intoxicating liquor," and the third that he did "unlawfully have in his possession certain intoxicating liquor within prohibition territory with intent to sell the same, in violation of the Prohibition act of the State of Illinois." A motion to quash the indictment and each count was made and overruled, a plea of not guilty was entered, and upon a trial the jury returned a verdict finding the defendant guilty in manner and form as charged in counts 2 and 3. He made a motion for a new trial, which was overruled, and a motion in arrest of judgment, which was also overruled, and he was sentenced to six months' imprisonment in the county jail and to pay a fine of $150 upon each count. He sued out a writ of error from the Appellate Court for the Second District, assigning among other errors the overruling of his motion in arrest of judgment. The Appellate Court affirmed the judgment, and the defendant sued out of this court a writ of error, assigning, among other errors, that the Appellate Court erred in not finding that the motion in arrest of judgment should have been sustained and in not reversing the judgment for that reason.

In his brief in this court the plaintiff in error argues that it was error to overrule the motion in arrest of judgment for the reason that the verdict was insufficient upon which to base the judgment. This brief was filed on November 12, 1924. The case of *People* v. *Barnes,* 314 Ill. 140, was decided at the October term, 1924, and a rehearing was denied on December 3, 1924. In accordance with the opinion in that case the two counts of the information upon which the plaintiff in error was convicted were not sufficient to charge him with a violation of the law, and in the reply brief filed on December 12 the plaintiff in er-

ror cites this decision in support of his argument that it was error to overrule his motion in arrest of judgment.

No waiver or consent by a defendant to a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law. (*People* v. *Pilewski,* 295 Ill. 58.) Even a plea of guilty in manner and form as charged in the indictment or information is an admission only of what is well alleged. The plea confessed nothing if the information charged no criminal offense, and the defendant may question the information by a motion in arrest of judgment or on a writ of error. (*Klawanski* v. *People,* 218 Ill. 481.) Errors in the entry of judgments at law or decrees in equity can be taken advantage of after judgment or decree if the cause of action stated in the declaration or bill is not sufficient to sustain the judgment or decree. By pleading to the merits after the overruling of a demurrer to a declaration the defendant waives the right to move in arrest of judgment for insufficiency of the declaration, but on appeal or writ of error he may urge that the declaration is not sufficient to support the judgment even though aided by verdict. (*Chicago, Rock Island and Pacific Railway Co.* v. *People,* 217 Ill. 164.) The rule is well settled that if a declaration is so defective that it will not sustain a judgment, the insufficiency may be availed of in a writ of error even after a demurrer overruled and a plea to the merits. (*Gillman* v. *Chicago Railways Co.* 268 Ill. 305; *Chicago and Alton Railroad Co.* v. *Clausen,* 173 id. 100; *Kipp* v. *Lichtenstein,* 79 id. 358.) The information in this case is the foundation for the judgment just as the declaration is in a suit at law, and is equally subject to the rule that advantage may be taken of its insufficiency to support the judgment on a motion to arrest the judgment or on error.

A point presented for the first time in the reply brief of the plaintiff in error ordinarily will not receive con-

sideration, but since an accusation charging a crime is the foundation of the proceeding, without which no conviction can be sustained, the court will not, when the insufficiency of the charge is brought to its attention before final judgment, affirm a conviction.

The judgment will be reversed.

*Judgment reversed.*