THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANDY BUFFO, Plaintiff in Error.

*Opinion filed October 28, 1925.*

1. CRIMINAL LAW—*jurisdiction of the subject matter cannot be waived.* Jurisdiction of the subject matter cannot be waived or conferred by consent.

2. SAME—*what necessary to give court jurisdiction of subject matter—collateral attack.* To give a court jurisdiction of the subject matter in a criminal case it is essential that the accused be charged with a crime, and if that is not done, a plea of guilty in manner and form as charged does not authorize the court to render a judgment of conviction for some criminal offense, and a judgment so rendered is void and may be attacked collaterally.

3. PROHIBITION—*when former indictment is not admissible in a prosecution for second offense.* A former indictment and conviction for a violation of the Prohibition act are not admissible in evidence in a prosecution for a second offense where the former indictment shows on its face that it does not charge any criminal offense.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding.

GRAHAM & DYSERT, (WALTER V. DYSERT, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ELMER O. FURROW, State's Attorney, and S. S. DuHAMEL, (O. W. LONGENECKER, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Andy Buffo, plaintiff in error, (hereafter called defendant,) was convicted of a second violation of the Illinois Prohibition statute, in Vermilion county, and sentenced to imprisonment in the penitentiary and to pay a fine of $500 and costs of suit. There were four counts in the indictment. The second and third were *nollied* and no finding was made by the jury as to the fourth. The jury found defendant guilty of possessing intoxicating liquor in manner and form as charged in the first count and that he had been previously convicted of a violation of the Prohibition statute in manner and form as charged in the first count of the indictment.

The assignment of errors alleges the evidence was not sufficient to sustain the verdict and judgment; that the indictment was bad; that the court erred in admitting and excluding evidence and in giving and refusing instructions; and that improper and prejudicial remarks were made during the trial by the court and the State's attorney.

The first count of the indictment, under which defendant was found guilty in this case, sets out *in hæc verba* the indictment returned against defendant and under which he was convicted at a former trial of the Vermilion county circuit court. That indictment charged the defendant "unlawfully did then and there sell intoxicating liquor to one

J. W. Bobbit in violation of a certain act entitled," setting out the title of the Prohibition act of 1921. The first count alleged defendant was tried under said indictment by a jury, was convicted, sentenced to jail ninety days and to pay a fine of $400 and costs and to stand committed until the fine and costs were paid. No objection was made to the sufficiency of the charge of the crime committed by the defendant in this case, but it is contended the indictment was insufficient to sustain a conviction for a second offense as the former indictment shows on its face it did not charge defendant with any crime, and that the court had no jurisdiction to render the judgment and sentence in that case under that indictment. A motion was made by defendant, before plea entered, to quash the indictment under which defendant was tried and convicted in this case, but the motion was overruled. After verdict defendant made a motion in arrest and for a new trial, both of which motions were overruled.

When the former indictment and record of conviction were offered in evidence by the State, defendant objected because the indictment did not charge the defendant with a crime. The objection was overruled and the indictment and record of the conviction were admitted in evidence. It is contended by defendant the court erred in overruling the motion to quash, in admitting the former indictment and record of conviction in evidence, and in overruling the motion in arrest of judgment.

The former indictment was set out *in hæc verba,* as we have stated, as part of the indictment in this case, and defendant insists the sufficiency of the indictment was directly attacked by the motion to quash; also that the record of the former indictment and conviction was subject to collateral attack because the former indictment showed on its face that the court had no jurisdiction to render the judgment. In *People* v. *Martin,* 314 Ill. 110, *People* v. *Barnes,* id. 140, and *People* v. *Berman,* 316 id. 547, it was held an

indictment or information charging a defendant with un-lawfully possessing or selling intoxicating liquor contrary to the statute, does not charge a crime and should be quashed on motion, or if a verdict of guilty is returned the judgment should be arrested on motion.  In *People* v. *Wallace,* 316 Ill. 120, an information charged the defendant with un-lawfully selling intoxicating liquor and with unlawfully possessing such liquor with intent to sell the same, contrary to the statute.  This court held the information did not charge defendant with the violation of any law, and that no waiver or consent by the defendant could confer jurisdiction on the court or authorize his conviction in the absence of an accusation charging him with the violation of a criminal law.  The court said, a plea of guilty in manner and form as charged in the indictment or information would be an admission only of what is well alleged; that the plea confessed nothing if no criminal offense was charged, and the sufficiency of the charge may be questioned by motion in arrest of judgment.

If the former indictment did not charge defendant with any crime it would seem necessarily to follow the court had no jurisdiction to try and convict him of a crime.  Among other cases cited by the State is *Kelly* v. *People,* 115 Ill. 583. In that case defendant was indicted for robbery.  There was no suggestion that the indictment did not sufficiently charge the crime.  The defendant pleaded not guilty, waived trial by jury, was convicted and sentenced to the penitentiary.  He was again indicted for burglary, and the indictment set out the former conviction.  It was contended the former conviction was not legal because the accused could not waive a jury and consent to be tried by the court.  This court said, conceding that to be so, the conviction would be erroneous but it did not follow it would be void; that where the court has jurisdiction of the subject matter and of the person the judgment may be erroneous but not void, and

its validity cannot be attacked collaterally. Jurisdiction of the subject matter cannot be waived or conferred by consent. In *People* v. *Superior Court,* 234 Ill. 186, the court quoted with approval from Bailey on Jurisdiction: "Jurisdiction of the tribunal does not depend upon actual facts alleged, but upon authority to determine the existence or non-existence of such facts and to render judgment according to its findings."

To give a court jurisdiction of the subject matter in a criminal case it is essential that the accused be charged with a crime. If that is not done, a plea of guilty in manner and form as charged does not authorize the court to render a judgment of conviction for some criminal offense, and if a judgment is so rendered it is void and may be attacked collaterally. This court has decided in the several cases referred to, that an indictment or information in substantially the identical language of the former indictment against the defendant did not charge the commission of a crime, and that the question of its sufficiency might be raised on motion to quash or motion in arrest. Inasmuch as the defendant was not charged in the former indictment with a violation of any criminal law the court had no jurisdiction to try, convict and sentence him for the commission of a criminal offense. The former judgment was void and subject to collateral attack.

The admission in evidence of the first indictment, and the record of conviction under it, was erroneous and highly prejudicial to defendant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*