(No. 18661.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT R. SCHNEIDER, Plaintiff in Error.

*Opinion filed April 20, 1929—Rehearing denied June 6, 1929.*

LOUIS GREENBERG, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The grand jury of Cook county returned an indictment against plaintiff in error, Albert R. Schneider, in two counts purporting to charge him with the crime of forgery. At the June term, 1927, of the criminal court of Cook county· he entered his plea of guilty to that indictment.

This plea was accepted by the court, but before sentence was imposed, and at the July term, 1927, of the court, he asked leave of the court to withdraw his plea of guilty and to enter a motion to quash the indictment and each count thereof. The court refused to grant leave to withdraw his plea of guilty. He then made a motion in arrest of judgment, which was overruled and he was sentenced to be imprisoned in the penitentiary for an indeterminate term for the crime of forgery. He brings the record here for review on error.

The only contention made in this court is that the indictment does not in either count charge the crime of forgery and is insufficient to support the judgment of the court. The first count of the indictment charges that plaintiff in error did "feloniously, fraudulently and falsely make, forge and counterfeit a certain deed and evidence of title, the same being an instrument of writing, which said false, forged and counterfeited deed and evidence of title is in the words and figures following, to-wit, [the deed alleged to have been forged is here set out in full,] with the intent thereby then and there to prejudice, damage and defraud John H. Stout." The second count charges that plaintiff in error "did feloniously, fraudulently and falsely pass as true and genuine a certain false, forged and counterfeited deed and evidence of title, the same being an instrument in writing, which said false, forged and counterfeit deed and evidence of title so passed as true and genuine as aforesaid is in the words and figures following, to-wit, [the deed alleged to have been forged is here set out in full,] the said Albert R. Schneider then and there well knowing the same to be false, forged and counterfeited, with the intent then and there to prejudice, damage and defraud John H. Stout." The deed set out in each of the two counts as having been forged is one and the same deed. It is a quit-claim deed in the usual and ordinary statutory form in use in this State, in which John H. Stout, the person alleged in both counts

of the indictment as the one intended to be defrauded, is named as the grantor and Joseph Milton is alleged as the grantee. It purports to convey certain real estate in Cook county and to be signed with the name, "John H. Stout." It has attached to it a purported certificate of acknowledgment in the usual form, purported to be signed and sealed before a notary public of Cook county, certifying that the grantor, John H. Stout, a widower, is personally known to be the same person whose name is subscribed to the foregoing instrument, and appeared before the notary in person and acknowledged that he signed, sealed and delivered the instrument as his free and voluntary act for the uses and purposes therein set forth, including the release and waiver of the right of homestead. The notary public purports to certify that the purported certificate of acknowledgment was signed and sealed by him May 5, 1926. The purported deed also concludes with the release and waiver clause of all rights under and by virtue of the homestead and exemption laws of this State, and the consideration named in the deed is "ten dollars and other good and valuable considerations." On this deed there was a certificate of the recorder of Cook county that it was recorded in that county.

The contention of plaintiff in error is that the indictment does not charge the crime of forgery because it does not allege the forgery of an instrument apparently capable of defrauding the person (the alleged grantor in the deed) whom it is alleged the plaintiff in error intended thereby to defraud. In *Goodman* v. *People,* 228 Ill. 154, the indictment charged the plaintiff in error, Goodman, with forgery of a pass over the Chicago Great Western Railway Company with the intent to defraud said company. There was no allegation in the indictment that the Chicago Great Western Railway Company owned and operated any lines of railroad, nor was it alleged that the person whose name was forged to the pass as the general manager of that com-

pany was, in fact, the general manager thereof. It was held that for those reasons the indictment was not sufficient. It was also held in that case that three elements are essential to constitute the offense of forgery: (1) There must be a false writing or alteration of an instrument; (2) the instrument as made must be apparently capable of defrauding; (3) there must be an intent to defraud.

In *Klawanski* v. *People,* 218 Ill. 481, the indictment purported to charge the forgery of a complimentary theatre ticket to McVicker's theatre with the intent to defraud Jacob Litt. The forged ticket set out in the indictment was written upon the stationery of McVicker's theatre, upon which the name of Jacob Litt appeared as sole proprietor. It was in that case held that that fact alone was not sufficient to inform the court that Jacob Litt was a person likely to be, or capable of being, defrauded by that ticket or to show that he would be defrauded if the ticket were used. The indictment was held fatally defective for want of sufficient allegations of the essential facts aforesaid.

We regard the decisions of this court in the two cases above cited as controlling our decision in this case. The quit-claim deed in question creates no obligation on the part of the grantor, who is alleged as the one intended to be defrauded. It does not even purport by any language in it to state or recite that the grantor has any interest in the lands therein described. If Stout, the purported grantor in the deed named in the indictment, had no title to, interest in or claim to the real estate which the forged deed purported to convey, it was not possible for that deed in anywise to damage or defraud him. Since the person whom plaintiff in error is alleged to have intended to defraud by the forged deed is the same person whose name appears therein and is signed thereto as grantor, it is necessary to allege in the indictment such extrinsic facts as will show on the face thereof that the grantor had or claimed to have some right, title or interest in the property which the forged

instrument purported to convey, before the indictment can be held to be sufficient to charge the crime of forgery or any other crime against plaintiff in error.

By a plea of guilty a defendant confesses only his guilt as charged in the indictment, and on such plea a defendant cannot be sentenced for a crime other than that charged in the indictment, and if the indictment charges no criminal offense a defendant cannot lawfully be sentenced under such an indictment for any crime. (*Klawanski* v. *People, supra; People* v. *Brown,* 312 Ill. 63.) Courts in other jurisdictions hold that to constitute forgery when the subject of forgery is of a deed there must be an allegation in the indictment or information that the property purported to be conveyed is in existence and that the purported grantor had title thereto, where the grantor is charged to be the person intended to be defrauded, and if the deed or instrument is a mortgage, that there was some indebtedness secured thereby. (26 Corpus Juris, 944, and cases cited.)

The case of *Wishard* v. *State,* 5 Okla. Crim. 610, 115 Pac. 796, cited by the People, is to be distinguished from this case, as the deed alleged to have been forged in that case was a warranty deed. In the case of *Snow* v. *State,* 107 S. W. (Ark.) 980, also cited by the People, the indictment alleged that the person whom it was intended to defraud by the alleged forged deed was the owner of the property purported to be conveyed by the forged deed, and does not sustain the contention of the State in the case now before us. The case of *People* v. *VanAlstine,* 57 Mich. 69, 23 N. W. 594, seems to be authority for the position taken by the People in this case. The decision in that case, however, is based upon the Michigan statute, and it does not appear whether the deed alleged to have been forged was a warranty or a quit-claim deed.

The judgment of the criminal court is reversed.

*Judgment reversed.*