(No. 27454.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT LEE FORE, Plaintiff in Error.

*Opinion filed November 19, 1943.*

456

J. D. WILSON, for plaintiff in error.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, Robert Lee Fore, was indicted in the circuit court of Montgomery county for the crime of forgery. The indictment consists of two counts. Of these, the first charges the defendant with uttering a forged check, knowing it to be false. The second count charges him with forging a check. Defendant pleaded guilty to the crime of forgery in manner and form as charged in the indictment, and was sentenced to imprisonment in the penitentiary for the indeterminate statutory term of one to fourteen years, with the recommendation that the minimum and maximum limits of imprisonment be one year and three years, respectively. The advisory recommenda-

tion of the trial judge was based upon unconstitutional and void portions of the Sentence and Parole Act. (*People* v. *Montana*, 380 Ill. 596.) Defendant prosecutes this writ of error.

To obtain a reversal of the judgment against him, defendant challenges the sufficiency of the indictment. He contends that the absence of allegations of an intent to defraud renders the indictment void and that, consequently, it fails to charge him with a public offense. To constitute the offense of forgery at common law and under section 105 of division I of the Criminal Code, there must be a false writing or alteration of an instrument, the instrument as written must be apparently capable of defrauding, and there must be an intent to defraud. (*People* v. *D'Andrea*, 361 Ill. 526; *People* v. *Katz*, 356 Ill. 440; *People* v. *Schneider*, 334 Ill. 630; *Goodman* v. *People*, 228 Ill. 154.) Falsely signing another's name to an instrument without intent to defraud or deceive someone does not constitute the crime of forgery. (*People* v. *Ernst*, 306 Ill. 452; *Kotter* v. *People*, 150 Ill. 441; *Fox* v. *People*, 95 Ill. 71.) Since intent to defraud is an essential element of the offense of forgery, an indictment which fails to charge fraudulent intent is fatally defective. (*People* v. *Barnes*, 314 Ill. 140.) Here, the indictment neither charges a general intent to defraud and prejudice nor a specific intent to defraud and prejudice a particular person.

It is, of course, true that under section 9 of division XI of the Criminal Code technical objections to an indictment arising under strict rules of pleading must be made before trial and are waived by failing to move to quash or otherwise attack the sufficiency of the indictment before trial and the verdict. (*People* v. *Glassberg*, 326 Ill. 379.) Conversely, a plea of guilty confesses merely that the accused is guilty in manner and form as charged in the indictment, and where an indictment does not charge a criminal offense

in the form prescribed by the common law or the statute, a plea of guilty to the indictment does not waive the right to challenge the sufficiency of the indictment by a motion in arrest of judgment or on a writ of error. (*People* v. *Schneider,* 334 Ill. 630; *People* v. *Wallace,* 316 Ill. 120; *People* v. *Brown,* 312 Ill. 63; *Klawanski* v. *People,* 218 Ill. 481.) As pertinently observed in *People* v. *Powell,* 353 Ill. 582, "The highest degree of certainty in pleading is required in indictments. The court, in construing an indictment, is not at liberty to depart from the words of the indictment itself and speculate as to the possible intention of the writer of the indictment nor to supply matters of substance which have been omitted."

Where an indictment is insufficient, as here, to charge a public offense we must reverse the judgment of conviction notwithstanding the point was not raised in the trial court, as no waiver or consent by the defendant to a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law. (*People* v. *Minto,* 318 Ill. 293; *People* v. *Wallace,* 316 Ill. 120.) The cause of action stated in the indictment is insufficient to sustain the judgment rendered, and the judgment, it follows, necessarily, is without a legal basis.

The People have not aided the court with a brief in support of the judgment of conviction. If the prosecution considered the indictment good, a brief should have been filed with reasons supporting its position. On the other hand, if the conclusion was reached that the indictment was void, error should have been confessed.

The judgment of the circuit court is reversed.

*Judgment reversed.*