(No. 55868.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JEFFREY D. PANKEY, Appellee.

*Opinion filed January 24, 1983.*

MORAN, J., specially concurring.
GOLDENHERSH, CLARK, and SIMON, JJ., dissenting.

Tyrone C. Fahner, Attorney General, of Springfield, and David W. Hauptmann, State's Attorney, of Harrisburg (Martin N. Ashley and Stephen E. Norris, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

Randy E. Blue, Deputy Defender, and Daniel M. Kirwan, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

JUSTICE UNDERWOOD delivered the decision of the court and the following opinion in which CHIEF JUSTICE RYAN and JUSTICE WARD join:

The State's Attorney of Saline County filed an information on June 12, 1980, charging defendant, Jeffrey D.

Pankey, with aggravated battery. The circuit court dismissed the charge on double jeopardy grounds, and the appellate court affirmed. (100 Ill. App. 3d 962.) We allowed the State's petition for leave to appeal.

Defendant was arrested in Harrisburg on June 11, 1980, apparently in the early morning hours, and transported to the Saline County jail. The arresting municipal police officer, Gary Sadler, issued an "Illinois Citation and Complaint," a uniform citation used for traffic offenses, which purportedly charged defendant with aggravated battery in violation of "Ill. Rev. Stat. Chapter 38, Paragraph 12—4" occurring on June 10, 1980 at 11:25 p.m. at the "Denny Residence/R.R.2 Hbg." Also printed by the officer on the face of the citation was: "To Be Changed To Criminal Complaint." The citation, which the officer apparently delivered to the circuit clerk that morning, directed defendant to report to the circuit court at the Saline County courthouse on or before July 7, 1980.

Defendant appeared before the circuit court later the same day. There is no indication of the circumstances under which he appeared nor whether he was accompanied, but it is clear that no representative of the State's Attorney's office was present. The entire record of that proceeding consists of a manila envelope within which the ticket was placed. The envelope bears, in what appears to be the handwriting of three different persons, notations which seem to indicate that defendant appeared, entered a plea of guilty to aggravated battery, and was fined $50 plus costs of $15.

The following day, the State's Attorney filed an information, sworn to by Officer Sadler, charging "[t]hat on June 10, 1980, in Saline County, Jeffrey D. Pankey committed the offense of Aggravated Battery in that said defendant, in committing a Battery, in violation of Illinois Revised Statutes, Chapter 12—3, without legal justi-

fication, knowingly caused great bodily harm to Cathy Denny, in that he struck Cathy Denny, in the face with his fist in violation of Paragraph 12—4(a) Chapter 38, Illinois Revised Statutes." Defendant subsequently moved to dismiss the information on double jeopardy grounds. When that motion was argued, apparently before the same judge who had presided at the first proceeding, the State's Attorney urged that a felony prosecution could be initiated only by indictment or information and only by the State's Attorney. He further stated that neither he nor his assistant was present during the prior proceeding and urged, in reliance on section 3—4(d)(2) of the Criminal Code of 1961, that the prosecution under the information was not barred. That section provides, in relevant part, "a prosecution is not barred within the meaning of this Section 3—4 if the former prosecution *** [w]as procured by the defendant without the knowledge of the proper prosecuting officer, and with the purpose of avoiding the sentence which otherwise might be imposed" (Ill. Rev. Stat. 1979, ch. 38, par. 3—4(d)(2)). Defense counsel responded that the Criminal Code specifically allows a defendant to plead to a traffic ticket and that there was nothing at all to indicate that defendant pleaded with the purpose of avoiding a sentence which otherwise might have been imposed. The court subsequently allowed the motion.

In affirming, the appellate court found that there was no evidence of fraud on the part of defendant nor any indication that he procured his own prosecution for the purpose of avoiding a sentence which otherwise might have been imposed. The court rejected the State's contention that the judgment was void because the proceedings were a nullity. It held, citing *People v. Gilmore* (1976), 63 Ill. 2d 23, that the failure to charge an offense does not deprive the circuit court of jurisdiction and that any error in charging defendant with a felony by citation

and complaint was one of form and not of substance. While acknowledging that there were many improprieties involved in the first proceeding which would require reversal on direct appeal, that court ultimately concluded that the judgment was at most voidable, and the failure of the State to perfect an appeal therefrom precluded the court from disturbing it in this collateral attack.

The State, while acknowledging that the circuit court had subject matter jurisdiction over an aggravated-battery prosecution, argues here that there was no such prosecution before the circuit court on June 11, 1980, because the only representative of the People of the State of Illinois, the State's Attorney, had not initiated a felony prosecution, and neither knew of nor acquiesced in the proceedings in which the circuit court accepted defendant's guilty plea to a felony purportedly charged on a traffic form filed by a city police officer. Consequently, the State submits, the circuit court acted beyond its authority in accepting a guilty plea to a felony where no such charge was brought by a representative of the State, and the judgment is therefore void. Alternatively, the State asks that we exercise our supervisory authority and vacate the unauthorized sentence of a fine and remand for sentencing in accordance with the law.

Although it is undisputed that no member of the State's Attorney's staff was present on June 11, defendant does attack the State's assertion, and the appellate court's factual finding, that the first proceeding was conducted without the knowledge of the State's Attorney. He contends that the State's Attorney did not deny knowledge of the plea proceedings when he appeared at the hearing on the motion to dismiss the information, and, absent a denial, it must be presumed that the State's Attorney performed his official duty to keep informed as to violations of the criminal laws. Alternatively, he argues that even without the knowledge or

presence of the State's Attorney or an assistant, the State was made a party to the proceeding upon the filing of the complaint by the officer, and that this action served to commence the prosecution. While admitting that it was "unusual" for a felony to be charged on a traffic form signed by a municipal police officer and for the subsequent plea and sentencing proceeding to be conducted without involving a representative of the State, defendant urges that the irregularities did not render that proceeding a nullity, and that the judgment thus bars any further prosecution for the same offense. He further argues that there is no evidence of fraud or collusion on the part of defendant which would make the section 3—4(d)(2) exception applicable. Finally, defendant asserts that the State cannot collaterally attack the sentence rendered in the original proceeding by this appeal from the circuit court's order dismissing the subsequently filed information, and that the exercise of this court's supervisory authority to remand for sentencing is therefore inappropriate.

The State's Attorney, as a representative of the People of the State of Illinois, has the duty "[t]o commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned." (Ill. Rev. Stat. 1979, ch. 14, par. 5(1).) The decision whether to initiate any criminal prosecution at all as well as to choose which of several charges shall be brought are functions within the exclusive discretion of the State's Attorney. *People ex rel. Davis v. Vazquez* (1982), 92 Ill. 2d 132, 150; *People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531, 539.

There are three methods by which a criminal prosecution may be commenced in this State: "When authorized by law a prosecution may be commenced by: (a) A complaint; (b) An information; (c) An indictment." (Ill. Rev.

Stat. 1979, ch. 38, par. 111—1.) Our rules provide for the form and procedures to be used in traffic and conservation offenses, ordinance offenses, petty offenses and certain misdemeanors, and, under the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 111—3(b)), when a citation is issued on a uniform traffic ticket or uniform conservation ticket the copy which is filed with the clerk constitutes a complaint to which the defendant may plead unless he specifically requests that a verified complaint be filed. All prosecutions of felonies, however, shall be by information or by indictment. (Ill. Rev. Stat. 1979, ch. 38, par. 111—2(a).) This court has held that the form of a charge may be waived by a defendant under certain circumstances (*People v. Bradford* (1975), 62 Ill. 2d 21; *People v. Harding* (1966), 34 Ill. 2d 475, 482), and that a defective charging instrument does not operate to deprive the circuit court of subject matter jurisdiction (*People v. Rege* (1976), 64 Ill. 2d 473, 478; *People v. Gilmore* (1976), 63 Ill. 2d 23, 27) or necessarily render the charge void (*People v. Walker* (1980), 83 Ill. 2d 306, 313-14; *People v. Pujoue* (1975), 61 Ill. 2d 335, 339). While the circuit court here unquestionably had jurisdiction of an aggravated-battery offense, it had no authority to accept a plea of guilty to aggravated battery and enter judgment thereon where no such charge was before the court. *In re T.E.* (1981), 85 Ill. 2d 326.

There is nothing in the record which indicates that defendant procured his own prosecution for the purpose of avoiding a sentence which otherwise might have been imposed. The record does reveal, however, that there was no aggravated-battery prosecution by the State against defendant on June 11, 1980. Neither the State's Attorney nor his assistant initiated any such prosecution on that date. Further, we believe that the record shows that the State's Attorney represented below that he nei-

ther knew of nor acquiesced in any such proceeding in the name of the People. Defendant has never contended that the State's Attorney knew of the prior proceeding. His argument here is that the State's Attorney did not claim a lack of knowledge, an argument which we believe is contradicted by the record. As we have indicated, the State's Attorney urged that the prosecution was not barred by virtue of the section 3—4(d)(2) exception contained in the Code which states that a prosecution is not barred if the former prosecution "[w]as procured by the defendant without the knowledge of the proper prosecution officer." (Ill. Rev. Stat. 1979, ch. 38, par. 3—4(d)(2).) In addition, we cannot accept defendant's assertion that the People of the State of Illinois were made a party to a felony prosecution upon the filing of the traffic citation issued by the police officer. There is no question that a police officer has the authority to make a warrantless arrest of a person if he has reasonable grounds to believe that the person is committing or has committed an offense (Ill. Rev. Stat. 1979, ch. 38, par. 107—2(c); *People v. Holdman* (1978), 73 Ill. 2d 213, 222), and to initiate the stationhouse clerical process generally referred to as "booking." (See Kamisar, LaFave, & Israel, Modern Criminal Procedure 16 (5th ed. 1980).) It is, however, the State's Attorney who has the responsibility to initiate and prosecute all actions by and for the People of the State of Illinois (Ill. Rev. Stat. 1979, ch. 14, par. 5), and the police officer's actions in the first instance must yield to the judgment and discretion of the constitutional officer empowered to act. *People v. Woollums* (1978), 63 Ill. App. 3d 602, 609.

This case does not involve a traffic or misdemeanor offense which can be charged by a police officer on a uniform traffic ticket form in the name of the People of the State of Illinois. (73 Ill. 2d R. 501.) Rather, the original proceeding here was apparently regarded by the

judge as a felony prosecution despite the fact that the only person who could file that charge, the State's Attorney, was not present and knew nothing of the proceedings. Since the police officer was without authority to prosecute the charge and the State's Attorney had neither appeared nor acquiesced in the officer's action, it cannot be said that the circuit court ever acquired jurisdiction over the State in the original proceeding or that the State is estopped from raising that issue. The court's judgment was, consequently, a nullity. See *People v. Kidd* (1947), 398 Ill. 405, 410; *In re T.E.* (1981), 85 Ill. 2d 326.

In these circumstances, the double jeopardy clauses of the Federal and State constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, sec. 10), which protect a defendant from repeated prosecutions by the State for the same offense (*Oregon v. Kennedy* (1982), 456 U.S. 667, 671, 72 L. Ed. 2d 416, 422, 102 S. Ct. 2083, 2087; *United States v. Scott* (1978), 437 U.S. 82, 87, 57 L. Ed. 2d 65, 71-72, 98 S. Ct. 2187, 2192), do not bar the subsequent prosecution. Allowing the State one full opportunity to vindicate its societal interest in the enforcement of the criminal laws (*United States v. Jorn* (1971), 400 U.S. 470, 483-84, 27 L. Ed. 2d 543, 556, 91 S. Ct. 547, 556) does not amount to " 'governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect.' " (*Tibbs v. Florida* (1982), 457 U.S. 31, 44, 72 L. Ed. 2d 652, 663, 102 S. Ct. 2211, 2219, quoting *United States v. Scott* (1978), 437 U.S. 82, 91, 57 L. Ed. 2d 65, 74, 98 S. Ct. 2187, 2194.) Although the government cannot use its own error in filing a defective charging instrument to deny a defendant the double jeopardy protections of a judgment rendered thereon (*Benton v. Maryland* (1969), 395 U.S. 784, 797, 23 L. Ed. 2d 707, 717, 89 S. Ct. 2056, 2064; *United States v. Ball* (1896), 163 U.S. 662, 667-68, 41 L. Ed. 300, 302, 16

S. Ct. 1192, 1194), it is the absence of any charge, appearance or acquiescence by the State in these proceedings which renders *Benton* inapposite here. A judgment entered by a court having no jurisdiction over either the cause or the party is absolutely void and no bar to a subsequent trial in a court which has jurisdiction. *United States v. Ball* (1896), 163 U.S. 662, 669, 41 L. Ed. 300, 302, 16 S. Ct. 1192, 1194.

Since the State was authorized to appeal the dismissal of the information (73 Ill. 2d R. 604(a)(1)), and consideration of the prior proceeding was necessary to evaluate the double jeopardy claim, the State was not required to appeal from the order entered in the prior proceeding in order to challenge that judgment. *People v. Deems* (1980), 81 Ill. 2d 384, 391, *cert. denied* (1981), 450 U.S. 925, 67 L. Ed. 2d 355, 101 S. Ct. 1378.

We accordingly reverse the appellate and circuit court judgments and remand the cause to the circuit court of Saline County for further proceedings on the aggravated-battery information. In the exercise of our supervisory power (Ill. Const. 1970, art. VI, sec. 16; 73 Ill. 2d R. 315(a); *People v. Deems* (1980), 81 Ill. 2d 384, 391), we direct the circuit court of Saline County to vacate its judgment of conviction entered pursuant to the plea of guilty on the traffic ticket.

*Judgments reversed; supervisory order entered; cause remanded.*

JUSTICE MORAN, specially concurring:

While I concur in the judgment, I disagree with and feel obligated to respond to the statement that reads: "[A] defective charging instrument does not operate to deprive the circuit court of subject matter jurisdiction (*People v. Rege* (1976), 64 Ill. 2d 473, 478; *People v. Gilmore* (1976), 63 Ill. 2d 23, 27) or necessarily render the charge void (*People v. Walker* (1980), 83 Ill. 2d 306, 313-14; *People v. Pujoue* (1975), 61 Ill. 2d 335, 339)." (94

Ill. 2d at 17.) This is true if the defect is one of form. However, where the defect is one of substance, as in the instant case where the elements of the offense are missing, the charge is void. To render a valid judgment in a criminal case the court must acquire jurisdiction of the person as well as the subject matter of the offense. Whenever an information or indictment fails to set forth the necessary elements of an offense it deprives the circuit court of subject matter jurisdiction.

The court concludes that the circuit court lacks jurisdiction because the State's Attorney did not bring the charge and neither appeared nor acquiesced in the original proceeding. I agree that the circuit court's jurisdiction was not properly invoked when the police officer initiated a felony charge on a traffic ticket. But more importantly, I find that the circuit court in this case never acquired subject matter jurisdiction because a proper information containing the necessary elements of an aggravated-battery offense was never filed before it. In my view, in *Pujoue, Gilmore* and here the court has misconstrued the concept of subject matter jurisdiction in criminal cases.

Before *Pujoue,* the court consistently had held that in order for a court in a criminal case to acquire jurisdiction of the subject matter, it was essential that the accused be charged with a crime. (*People v. Edge* (1950), 406 Ill. 490; *People v. Harris* (1946), 394 Ill. 325; *People v. Nickols* (1945), 391 Ill. 565; *People v. Fore* (1943), 384 Ill. 455; *People v. Minto* (1925), 318 Ill. 293; *People v. Buffo* (1925), 318 Ill. 380; *People v. Wallace* (1925), 316 Ill. 120.) In fact, just one year before *Pujoue,* this position was reaffirmed:

> "It is well settled that an indictment which fails to charge a criminal offense is void. (*People v. Furman,* 26 Ill. 2d 334, 335.) As such, it does not confer jurisdiction upon a court (*People ex rel. Kelley v. Frye,* 41 Ill. 2d 287, 290), and a conviction resulting therefrom may not be

sustained (*People v. Harris,* 394 Ill. 325, 327; *People v. Nickols,* 391 Ill. 565, 571; *People v. Fore,* 384 Ill. 455, 458). A convicted defendant may challenge the validity of an indictment for failure to allege a criminal violation either by direct review or in collateral proceedings. *People v. Edge,* 406 Ill. 490, 494; *People v. Buffo,* 318 Ill. 380, 384." (*People v. Wallace* (1974), 57 Ill. 2d 285, 288.)

This position was again reaffirmed in *People v. Gregory* (1974), 59 Ill. 2d 111, 112, where it was said:

"Whether an indictment was void presents a jurisdictional issue which is not to be considered waived by a defendant's plea of guilty (*People v. Reed,* 33 Ill. 2d 535, 538-539; *People v. Buffo,* 318 Ill. 380), and it can therefore be raised at any time. (*People v. Wallace,* 57 Ill. 2d 285, 288; Ill. Rev. Stat. 1969, ch. 38, pars. 114—1(a)(6) and (8), 114—1(b).)"

The basis of this rule is grounded in both the United States and Illinois constitutions. Both require that, in criminal prosecutions, a defendant has the right to be apprised of the nature and cause of the accusations against him. (U.S. Const., amend. VI; Ill. Const. 1970, art. I, sec. 8. See *People v. Barker* (1980), 83 Ill. 2d 319, 333 (Moran, J., dissenting).) This constitutional requirement is embodied in section 111—3(a)(3) of the Code of Criminal Procedure of 1963, which directs that a criminal charge set forth "the nature and elements of the offense charged." Ill. Rev. Stat. 1979, ch. 38, par. 111—3(a)(3).

Nevertheless, in *Pujoue,* this court departed from the well-settled rule. It first stated that the failure to allege an element of an offense in a complaint did not, *per se,* render it void. It then established a new rule: "*When attacked for the first time on appeal* a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." (Emphasis added.) (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339.) As authority for this proposition, the court cited *People v. Grant* (1974), 57 Ill. 2d

264, and *People v. Harvey* (1973), 53 Ill. 2d 585, both of which relied on *People v. Patrick* (1967), 38 Ill. 2d 255.

In *Patrick* and *Harvey,* this court indicated that the use of statutory language in an indictment is sufficient where two requirements are met. The charging instrument must (1) contain the essential elements of the offense, as set forth in the statute, and (2) sufficiently inform the defendant so as to enable him to prepare his defense and also operate as a bar to any subsequent prosecution. The indictments in *Patrick* and *Harvey* were found sufficient since both requirements were met. But there is nothing in *Patrick* or *Harvey* which changes the need to allege the essential elements of the crime. Nor do these cases support the waiver rule *Pujoue* advanced.

*Pujoue* was subsequently followed in *People v. Gilmore* (1976), 63 Ill. 2d 23. There, after reciting the above-quoted portion of *Pujoue,* the court went on to state that a charging instrument which failed to charge an offense did not deprive the circuit court of jurisdiction. (63 Ill. 2d 23, 27.) This statement is in direct opposition to what this court had described as the well-settled rule. *People v. Wallace* (1974), 57 Ill. 2d 285, 288.

*Gilmore's* rationale for this position had two foundations—that jurisdiction is conferred on circuit courts by the Constitution rather than by indictment and that the legislature, in section 114—1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(a)), had distinguished between the absence of jurisdiction and the failure to state an offense. Neither of these reasons, in my opinion, supports *Gilmore's* conclusion.

The 1970 Illinois Constitution abolished the various limited-jurisdiction trial courts and established a single unified trial court—the circuit court. (Ill. Const. 1970, art. VI, sec. 1.) This avoided the multiple trials, "fragmentation and troublesome jurisdictional questions which were the hallmark of the former constitutional and legislative courts of

limited jurisdiction, such as the county courts, probate courts, city and municipal courts and others." (6 Record of Proceedings, Sixth Illinois Constitutional Convention 808. See generally, G. Braden & R. Cohn, The Illinois Constitution: An Annotated and Comparative Analysis 330-31 (1969).) The Constitution, of necessity, vested original jurisdiction over all justiciable matters in the one remaining trial court. (Ill. Const. 1970, art. VI, sec. 9.) But this change in court structure should not be read as conferring subject matter jurisdiction on the circuit court. Section 9 of article VI allows any justiciable matter, which previously should have been brought in one of the limited jurisdiction courts, to be brought in the circuit court. This same provision was contained in section 9 of article VI of the Judicial Article of 1962, effective January 1, 1964. But subject matter and personal jurisdiction are still required. In fact, even after this constitutional section was adopted, this court said that an indictment which failed to charge an offense deprived the court of jurisdiction. *People v. Wallace* (1974), 57 Ill. 2d 285, 288.

*Gilmore's* second foundation centered on a legislative distinction made in sections 114—1(a)(6) and (a)(8) of the Code of Criminal Procedure of 1963. They provide:

"(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

* * *

(6) The court in which the charge has been filed does not have jurisdiction; [or]

* * *

(8) The charge does not state an offense." Ill. Rev. Stat. 1975, ch. 38, pars. 114—1(a)(6), (a)(8).

It must be emphasized that the language of section 114—1(a) has not been changed since its enactment in 1963, being prior to the adoption of the 1970 Constitution. At that time, the legislature was well aware of the limited

jurisdiction of the various trial courts. A close reading of section 114—1(a)(6) bears out this awareness. It does *not* read "the court does not have jurisdiction." This reading would infer that the other grounds do not raise jurisdictional issues. Apparently, subsection (6) was interpreted in this way in *Gilmore*. But, on the contrary, this subsection specifically reads *"the court in which the charge has been filed* does not have jurisdiction." This emphasized verbiage implies that some courts in which criminal charges were filed had jurisdiction while others did not. While today there is only one trial court, in 1963 certain trial courts did not have jurisdiction over criminal matters. Through section 114—1(a)(6), the legislature merely intended to permit dismissal of a charge when it was filed in the wrong trial court. This interpretation is buttressed by the fact that, as an alternative to dismissal, the legislature allowed the court, without jurisdiction over the criminal matter, to transfer the cause to another trial court having competent jurisdiction. (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(f).) Obviously, the emphasized portion of subsection (6) has lost its importance and usefulness since there is only one trial court.

Section 114—1(a)(8), on the other hand, followed the well-established rule that a charge which fails to state an offense deprived the trial court of jurisdiction. Such a charge was, therefore, subject to dismissal. Given the trial court structure existing in 1963, there is no inconsistency in separating these two grounds, both of which raised jurisdictional issues. The later constitutional abolition of limited-jurisdiction trial courts ended the need for the separation. However, the mere retention of these sections by the legislature should not be read as a clear indication that a charge which contains a substantive defect is no longer a jurisdictional issue. Neither the General Assembly by legislation nor this court by opinion can deny a person his constitutional right of due process.

This conclusion is fortified by a close reading of the committee comments to section 114—1(a)(8), which state:

"Subsection (a)(8) permits the motion to dismiss where the charge does not state an offense. In accordance with Article 111, charge refers to the complaint, indictment or information. Since a charge which does not state an offense does not give defendant a full notice of why he is being tried, and the charge will not support a judgment unless an offense is stated therein, due process would be violated and *may be attacked at any time*. (See section 114—1(b) of this Code; and see generally People v. Clark, 256 Ill. 14, 99 N.E. 866 (1912).)" (Emphasis added.) Ill. Ann. Stat., ch. 38, par. 114—1, Committee Comments, at 197-98 (Smith-Hurd 1977).

Further support can be found in section 114—1(b), where the legislature addressed the issue of waiver by stating:

"(b) The court shall require any motion to dismiss to be filed within a reasonable time after the defendant has been arraigned. Any motion not filed within such time or an extension thereof shall not be considered by the court and the grounds therefor, except as to subsections (a)(6) and (a)(8) of this Section, are waived." (Ill. Ann. Stat., ch. 38, par. 114—1(b) (Smith-Hurd 1977).)

The committee comments to that section state:

"Special notice should be made of subsections 114—1(b) \*\*\*. Subsection (b) provides that all of the grounds for a motion to dismiss may be waived except those which deprive the court of its jurisdiction, *i.e.,* (6) and (8). *These exceptions to waiver must be made since they involve constitutional rights which may not be waived.* \*\*\*" (Emphasis added.) Ill. Ann. Stat., ch. 38, par. 114—1, Committee Comments, at 198 (Smith-Hurd 1977).

In this case the complaint did not set forth the necessary elements of aggravated battery and was therefore void for failure to state a criminal offense. Since the charging instrument was void, the trial court did not obtain the necessary subject matter jurisdiction over the offense in order to entertain defendant's plea of guilty. Lacking subject

matter jurisdiction, the trial court's judgment was subject to collateral attack by the State. It is for the above-stated reasons that I concur in the judgment of reversal.

JUSTICE GOLDENHERSH, dissenting:

I dissent and would affirm the judgment of the appellate court. There is nothing in the record which indicates that the defendant acted to procure the original proceeding, that it was commenced in order to avoid a heavier sentence, or which shows that the State's Attorney was unaware of the prior proceedings. Under the circumstances section 3—4(d)(2) is clearly inapplicable.

The majority states that the court did not acquire jurisdiction over the State in the original proceedings. There is no authority for this statement, and it is most conspicuously absent from the two cases cited in support of it. The majority and the People concede that the court had jurisdiction over the subject matter and the defendant, and the contention that the court was without jurisdiction over the State is utterly without merit.

The appellate court noted correctly that the appropriate procedure on the part of the People would have been to appeal from the order of the circuit court. This was not done, and the instant attack comes too late.

CLARK and SIMON, JJ., join in this dissent.