(No. 41217.—

THE PEOPLE *ex rel.* Faith Adams, Appellee, *vs.* SANFORD D. SANES, Appellant.

*Opinion filed Nov. 22, 1968.—Rehearing denied Jan. 28, 1969.*

ROSENBAUM & ROSENBAUM, and PHILIP H. GOODMAN, both of Chicago, (SIDNEY Z. KARASIK, of counsel,) for appellant.

EDMUND W. SINNOTT and THOMAS J. REGAN, both of Chicago, (POPE, BALLARD, URIELL, KENNEDY, SHEPARD & FOWLE, of counsel,) for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from an order entered in a paternity action before a magistrate of the circuit court of Cook County adjudging defendant Sanford D. Sanes to be the father of a child born out of wedlock and ordering him to pay the sum of $150 per month toward the support of the child. The order further required him to pay the relatrix $500 for expenses during pregnancy, confinement and recovery, $250 in attorney's fees and $195 for trial expenses. The jurisdiction of this court is invoked because

it is alleged that "questions of serious dimension are raised with respect to the constitutionality of the provision in the Paternity Act authorizing the award of attorney's fees, the alleged infringement of defendant's right to a fair trial and his right to assistance of legal counsel."

Section 9 of the Paternity Act, in relevant part, provides: "If such judgment [finding defendant to be the father] is entered the court shall take evidence upon the requirements of the child for its support, maintenance, education and welfare, and upon the expenses of the mother during pregnancy, confinement and recovery, and for reasonable attorney's fees and shall enter an order with respect thereto." (Ill. Rev. Stat. 1967, chap. 106¾, par. 59.) Upon oral argument in this court, the relatrix's counsel conceded that this section does not authorize the allowance of trial expenses and that that provision of the order appealed from must be stricken. Of course, this concession does not affect the balance of defendant's challenge to the section which is made on two grounds: (1) that the allowance of attorney's fees violates section 13 of article IV of the Illinois constitution in that the title of the Act does not indicate that such fees are allowed in section 9; and (2) that the allowance of these fees therein is inconsistent with section 4 of the Act which provides that the action shall be commenced by the State's Attorney upon the request of the mother.

The contended constitutional restriction provides that: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title." The title of the Paternity Act reads: "An Act in relation to the paternity of children born out of wedlock, to provide for the liability of the parents of such children, and to repeal an Act herein named." "To render a provision in the body of a statute void as not embraced in its title, the provision must be one which is incongruous, or which has no proper connection with the title." (*People ex rel. Gutknecht* v. *City*

*of Chicago,* 414 Ill. 600, 608.) "The constitution is obeyed if all the provisions of the act relate to one subject indicated in the title and are parts of it, or incident to it, or reasonably connected with it, or in some reasonable sense auxiliary to the object in view." (*Memorial Gardens Ass'n* v. *Smith,* 16 Ill.2d 116, 129.) In our judgment, there is sufficient connection and harmony between the title and provision in question here to satisfy the constitutional mandate. See *Pasfield* v. *Donovan,* 7 Ill.2d 563, 569-70.

Defendant claims that section 4 vests all proceedings under the Act, including its enforcement, solely in the State's Attorney of the respective county where the action is instituted, making the allowance of attorney's fees improper as payments to a public official. This section provides that the State's Attorney shall upon request of the woman file a complaint on her behalf, and it further provides that if the woman is an applicant for or a recipient of assistance under the Public Assistance Code she may request the Department of Public Aid to file a complaint in her behalf through the Attorney General. But we find no language in the section or in the remainder of the Act making it mandatory for a woman seeking relief under the Act to call upon these public agencies to institute her action. Rather, it seems clear that the legislature intended to provide a prosecutrix with an alternative procedure to retaining private counsel. If she elects to proceed exclusively through public agencies, she is, of course, not entitled to any fee allowance; but where, as in the instant case, private counsel is engaged to assist in preparing and/or prosecuting an action under the Act, application for the fee allowance provided by section 9 is proper.

Defendant next contends that fundamental principles of fairness and the constitutional right to legal counsel have been breached in this case. The defendant was served with the warrant on June 30, 1967, made bond, and the cause was continued to July 28, 1967. On that date he ap-

peared without counsel and the following colloquy ensued:

"THE COURT: You are charged with being the father of a child born out of wedlock, how do you plead?

MR. SANES: Not guilty.

THE COURT: Do you wish to be tried by this court or by a jury?

MR. SANES: This court.

THE COURT: Sir, I wish to advise you, if you are answering ready for trial, I wish to advise you that in the event the (sic) finds you guilty, I will assess a certain sum each and every week until the child reaches the age of eighteen unless the child is adopted or expires.

I also wish to advise you that you have a right and privilege of being represented by an attorney. You also have the right to ask that this case be tried by a jury.

I am going to ask you are you answering ready for trial and are you asking that this court this morning hear and dispose of your case even though you are not represented by a lawyer?

MR. SANES: Yes."

The record discloses that defendant, 35 years of age, a life-long resident of Chicago, single and living with his father, employed as a stock broker, met the relatrix in New York City in 1963, vacationed with her in Europe in 1964, lived with her for a period of six weeks in 1964 and obtained motel accommodations for her in Chicago in April 1966. He certainly emerges as a cosmopolitan personality, fully cognizant of his rights and able to appreciate the trial court's admonishment to him. We find no merit to his contention that he was compelled to go to trial without benefit of counsel or proper understanding of the complaint against him, or was in any manner denied due process of law.

The instant action was initiated by the prosecutrix signing a form complaint furnished by the State's Attorney's

office. That complaint recited that the child in question was born "in 'Cook County" whereas the defendant in his motion for new trial produced documentary evidence showing that the child was born in Davidson County, Tennessee. The prosecutrix never testified as to where the child was born and defendant now argues that "the false statement in the complaint as to the birth place of the child * * * is a sufficient variance with the proof offered * * * to entitle [him] to a new trial." For a variance to constitute reversible error, however, it must be shown to be material, that is, the one urging it as a basis for relief must show how it worked to his prejudice. (*Stevenson* v. *Meyer,* 10 Ill.2d 335.) No such showing has been made here, either in post-trial motions or the briefs filed on appeal, and therefore the variance cannot be deemed material.

It is finally urged that defendant did not receive a fair trial because of misconduct and bias of the trial judge. This contention is bottomed on certain questions asked the defendant by the trial judge which it is asserted display the latter's partiality to the prosecution. From our examination of the entire record, we find that the instances of alleged prejudice relied upon by defendant, when read in context, are more consistent with fair play and open-mindedness than with the motives ascribed to the court by defendant. It must be remembered that a trial judge is not required to sit mute even in a jury trial; he may ask questions to elicit the truth and clarify the issues. *People* v. *Smith,* 18 Ill.2d 547.

We have carefully reviewed the record in this case in light of the defendant's contentions and it is our conclusion that he received a fair trial and that the greater weight of the evidence supports a guilty finding. Therefore, the judgment with the exception of the $195 award for trial expenses, must be affirmed.

*Judgment modified and affirmed.*