SHIRLEY A. STARK, Plaintiff-Appellant, v. WILLIAM W. STARK, Defendant-Appellee.

(No. 11380;

Fourth District—April 21, 1971.

*Rehearing denied May 19, 1971.*

Smith & Gomien, of Dwight, (Roger B. Gomien, of counsel,) for appellant.

Adsit, Thompson, Strock & Strong, of Pontiac, (Faraday J. Strock, of counsel,) for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

The plaintiff-wife obtained a divorce from the defendant-husband, for his fault, in the Circuit Court of Livingston County on June 23, 1966. Incorporated in the divorce decree was a rather extensive property-settlement agreement, only one provision of which is involved in this appeal; namely, that the husband agreed to pay to the wife, in whom custody of two minor children was vested, the sum of $50 per week per child, as support for the children, the first payment to be made on June 25, 1966, and thereafter weekly until further order of court. Apparently all payments were made as agreed and ordered until February 1, 1970, at which time the defendant, unilaterally and without an order of modification of decree, reduced the payments to $25 per week per child.

The plaintiff accepted the reduced payments until July 14, 1970, on which date the plaintiff filed a petition for rule to show cause, alleging that the defendant was $1,000 in arrears and praying that he be held in contempt.

The record is silent as to how service was had on the defendant, and he filed no responsive pleadings to the petition. Nevertheless, he appeared in person and by counsel on July 14, 1970, and a hearing was held on the petition. Both parties were represented by counsel. The record is again silent as to the presence or absence of the plaintiff, and the only evidence taken was that of the defendant. This evidence was sketchy, at best, and after a conference in chambers (which is not of record), the court announced, "Draw an order for $50.00 a week."

A written order was signed and filed the same day, July 14, 1970, in which the court found that the defendant had just cause for failure to pay the ordered support and reduced the support to $50 per week (apparently $25 per week per child). Further, the court made the reduced order retroactive to February 1, 1970, the date upon which the defendant unilaterally reduced his payments. At the hearing it was stipulated that the defendant had been paying only $50 per week from February 1, 1970, and that on the date of the hearing he was $1,150 in arrears.

On appeal, the parties raise only two issues: (1) whether there had

had been sufficient change in circumstances to justify the modification; and (2) whether the court had the power to make a retroactive modification.

■■ No issue has been raised on the pleadings, but we are constrained to remark that this case reaches us in a very peculiar posture. The plaintiff prayed for punishment for contempt. The defendant asked for nothing. The end result was modification, and retroactive modification, relief not sought by either party. Although section 18 of the Divorce Act (Ill. Rev. Stat. 1969, ch. 40, par. 19) grants the trial court wide latitude in making adjustments in child support, we believe that the orderly administration of justice would be better served if the trial courts would confine their orders and decrees to the issues made up by the pleadings. If modification can be predicated upon a petition for rule, it requires no great stretch of legal imagination to envision that partition or wage assignment, or any other remedy, could likewise be engrafted upon it. Proper pleading would vanish and we would resort to the hoary witticism of "a letter to the judge".

However, the plaintiff makes no issue of the pleadings, and therefore the matter is not directly before us.

■■ Anent the first issue raised before us, *viz.*, the prospective modification, it is elemental that Appellate Court should be reluctant to substitute its judgment for that of the trial court. The corollary is also true; that it may affirm albeit sometimes reluctantly. The doctrine was well put in *Lewis v. Lewis* (3rd Dist. 1970), 120 Ill.App.2d 263, 256 N.E.2d 660, where the court, through Mr. Justice Ryan, said (at 270 (256 N.E.2d at 664) ):

"The demeanor of the witness, his or her apparent honesty or lack of it and candor and forthrightness, are but a few of the elements that cannot be transcribed into a record on appeal. These intangibles are of great importance in assisting the trial judge in reaching a decision when the evidence is conflicting. It is the trial court that observes and hears the witnesses and analyzes the testimony. It is not for a court of appeal to substitute its findings for those of the trial court unless such findings are clearly and palpably erroneous and against the manifest weight of the evidence. (Citing cases.) * * *."

In the instant case, the evidence was brief and consisted only of the examination of the defendant. The court made no findings in his order and we are, therefore, at a loss to say what factors the court found compelling. In oral argument, the defendant-appellee stressed the remarriage by both parties, the defendant's overly optimistic anticipation of income at the time of the property-settlement agreement and increased competition to his business, none of which we find particularly per-

suasive. What was done evidently had its genesis in the conference in chambers, which, like nearly all such meetings is dehors the record and leaves a large void for us at a "crucial point". We are impressed with the following which appears in the record:

"Q. [Defense counsel] You have no intentions of running out on your obligation to support your own children?

A [Defendant] None whatsoever.

Q And are you willing to pay them a fair portion of your income at all times?

A Yes."

\* \* \*

■■ While the defendant fell far short of what we would deem a clear and unequivocal change in circumstance, his testimony, set out above, taken with his financial statements which were admitted into evidence, forces us to the conclusion that the prospective modification is not against the manifest weight of the evidence.

■■ As to the second issue, namely, the retroactive modification of the decree, the law is clear in Illinois that past-due installments of support are a vested right and a court has no authority to modify them. *Gregory v. Gregory* (5th Dist. 1964), 52 Ill.App.2d 262, 202 N.E.2d 139; *Shuff v. Fulte* (3rd Dist. 1951), 344 Ill.App. 157, 100 N.E.2d 502.

The defendant readily admits that this has been the unchanged precedent in this State for many years, but urges us to hold otherwise, arguing, *inter alia*, that such doctrine would "expedite" marital litigation. We decline his invitation and reply that far from expediting these matters, in our view, chaos would ensue.

■■ It is one of the sad but true facts of the current time that children become the innocent pawns in the divorce chess game. In order to obtain a divorce, the parties will promise almost anything by way of child support or visitation. After the fact of divorce, and generally after remarriage, efforts commence to scale down these promises. If the law were to tolerate retroactive limitation, nothing could prevent a party from promising twice or three times his annual income as child support or alimony to soften resistance to obtaining a divorce with the sure and certain knowledge that the troublesome financial details could be worked out by hindsight. For better or for worse, the policy of the law and of the State is to preserve marriage (*Stanard v. Stanard* (3rd Dist. 1969), 108 Ill.App.2d 240, 247 N.E.2d 438) and one means of implementing this policy is to insure that obligations arising out of its dissolution are fixed and determinable. The courts of this State are heavily burdened enough with litigation growing out of petitions for rule and petitions for modification without adding to that burden petitions for retroactive modifica-

tion. If defendant's theory were to prevail, no divorce decree containing alimony or support provisions would ever be final in the true sense, but would be like Mr. Justice Roberts' complaint about the decisions of the United States Supreme Court: "* * * a restricted railway ticket, good for this date and this trip only * * *."

That portion of the order which reduces child support prospectively from July 14, 1970, is affirmed; that portion of the order which reduces child support retroactively from July 14, 1970, to February 1, 1970, is reversed and the cause is remanded with directions to enter further orders for the payment of the stipulated arrearage of $1,150 in whatever manner shall appear equitable.

Affirmed in part, reversed in part, and remanded with directions.

SMITH, P. J., and CRAVEN, J., concur.