VIVIAN M. ARMSTRONG, Plaintiff-Appellee, *v.* LYLE KENNETH INGRAM, Defendant-Appellant.

(No. 11622;

Fourth District—September 14, 1972.

William A. Allison, of Bloomington, for appellant.

Howard S. White, of Havana, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

In May of 1971 the plaintiff filed a petition in the circuit court asserting that the defendant was delinquent in the payment of certain alimony and child support payments as provided by a decree of divorce entered in the circuit court in 1953 requiring certain payments of $30 a week for a period beginning in 1954 and due to expire by its terms as determined by subsequent facts, in June of 1962. The asserted arrearage was in the amount of $3,860. Pursuant to the prayer of the petition, a rule was entered requiring the defendant to show cause.

Evidence was heard and ultimately the trial court entered a judgment for the plaintiff in the amount of $610. The court found the defendant was not in wilful contempt of court. The plaintiff appeals.

The chronology of events considered by the trial court and that must necessarily be considered by us on this appeal is as follows. The parties were married in 1937. They had three children, the oldest born in 1938, and the youngest born in 1944. They were divorced in 1953. The decree of divorce provided that the defendant should pay the sum of $30 per week to the plaintiff as alimony, the first payment to be made a week from the date of the decree and like payments of $30 per week thereafter until the further order of the court. The decree of the divorce recited that the parties had entered into an agreement settling and disposing of their interest in property and their affairs. The decree did not incorporate the agreement other than this reference.

In 1956 there was a conversation between the parties with reference to a reduction in the amount of the payments from $30 to $20 per week. This occurred at the time of then oldest child, a daughter, reached the age of 18. In 1958 counsel for the plaintiff wrote the defendant a letter with reference to certain missed payments. In early 1962 the youngest child reached the age of 18 although the payments in the reduced

amounts continued until the June 1962 graduation of that child. In June of 1962 the plaintiff remarried.

At the hearing on the merits the referred-to property settlement agreement was received in evidence as an exhibit. That agreement so far as here relevant provided that the defendant would pay the sum of $30 per week to the plaintiff *as alimony* and that the plaintiff from the sum would provide for the care and education of the minor children and that such payment should continue until or unless the plaintiff remarries or until the children have become of age. In the event that the alimony ceases to be paid during the minority of the children, the agreement provided that the support of the children should be determined by agreement of the parties or through action of the court. The agreement further provided that in the event the alimony is still being paid when the children have become of age, then the matter of the amount would be likewise determined. The defendant stopped payments in 1962 by reason of the terms of the agreement.

■■ The order entered by the trial court found an oral agreement between the parties for a modification of the amount of the payments and the judgment as entered was for payments missed in various years totalling the amount of the judgment but giving effect to the agreement for reduction of payments. The findings of the trial court with reference to the agreement between the parties is supported by the evidence.

■■ The trial court concluded that the parties could, under the terms of the property settlement agreement, agree to the modification and that under the authority of *Royster v. Royster,* 339 Ill.App. 250, 89 N.E.2d 279 (2), the court could ratify such agreement, which the court did. We affirm.

■■■ The plaintiff contends that the court had no authority either to ratify or to give effect to the agreement between the parties for modification and in support of this position cites the opinion of this court in *Stark v. Stark,* 131 Ill.App.2d 995, 269 N.E.2d 107, and *Shuff v. Fulte,* 344 Ill.App. 157, 100 N.E.2d 502, and *Stewart v. Stewart,* 1 Ill.App.2d 283, 117 N.E.2d 579. In *Stark* we stated that past due installments of child support are a vested right and the court has no authority to modify them. The facts in the *Stark* case clearly indicate that the attempted modification was a unilateral effort by a husband to decrease child support payments. The decree in the *Stark* case did not involve a property settlement agreement between the parties. Here there is such an agreement which was at least referred to and implicitly, if not expressly, approved by the decree. There was no provision there, as there is here, for redetermination of amount of payments upon variable fact situations. We would also note that the reduced payments in *Stark* had lasted for only

a few months before action was undertaken, whereas in this case the plaintiff made no complaint as to the arrearage for some nine years. In this connection, see *Needler v. Needler*, 131 Ill.App.2d 11, 268 N.E.2d 517, and *Anderson v. Anderson*, 48 Ill.App.2d 140, 198 N.E.2d 342, wherein the court specifically held that in a proper case the court can give effect to an agreement by a party to waive payments or to accept a lesser amount and further clearly indicated that the doctrine of equitable estoppel could be applied in an appropriate case. In this case the trial court clearly manifests an intent to apply the doctrine of equitable estoppel. Moreover, he expressly found the existence of an agreement between the parties and that finding was not against the manifest weight of the evidence.

■■ Finally, the appellant contends that the effect of the decree below was to give the defendant relief by way of modification of the decree when no pleading requesting such relief was on file. The appellant relies upon language of this court critical of such a procedure found in *Stark*. That reliance is well-founded although the language in *Stark* is *dicta*. Here the rule to show cause was entered, the defendant appeared, the court inquired as to the existence of a written answer or a written pleading. Upon being advised that none was on file, counsel for the defendant orally made response to the petition on a paragraph-by-paragraph basis, all without objection by the plaintiff. There was no timely assertion made in the trial court that would effectively have permitted that court to rule upon the contention that the pleadings were insufficient to sustain the action taken. We also note that the plaintiff sought relief by way of collection of arrears in alimony. She succeeded, at least partially, in obtaining that relief. The fact that she obtained less than she sought is hardly affirmative relief to the defendant under the facts and circumstances of this case.

The judgment of the circuit court of Logan County is affirmed.

Judgment affirmed.

SMITH and SIMKINS, JJ., concur.