GILDA B. STRUM, Plaintiff-Appellant, *v.* HAROLD A. STRUM, Defendant-Appellee.

(No. 12249;

Fourth District—September 19, 1974.

148

Michael J. Kehart and A. James Shafter, of Webber, Welsh & Kehart, of Decatur, for appellant.

John S. Cobb, of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The parties here were divorced on May 28, 1970, at the suit of the wife. Three children were born of this marriage: Michael, December 18, 1950; Stephen, December 14, 1952; Cynthia, August 11, 1954. The mother was awarded custody of the children and the divorce decree provided that the defendant should pay the sum of $145 each month to each minor, payable bi-monthly. Such payment was made until September 2, 1971, when they were unilaterally reduced by eliminating payment to Cynthia. Another child's payments were terminated on February 1, 1972, and all payments terminated on May 1, 1972. The issues raised are three-fold. (1) Whether the plaintiff is estopped from asserting any claim to support payment for Cynthia for the period of time she was living with her father; (2) whether a statutory change in the age of majority changes the preexisting rights of children under an earlier decree and (3) whether the trial court had jurisdiction to enter an order for payments of educational expenses for children who have reached their majority.

The plaintiff filed her petition on June 21, 1972, for a rule on the defendant to show cause why he should not be held in contempt of court for failing to comply with the child support payments of the divorce decree. The defendant answered alleging that he is entitled to an equitable credit for all support payments for Cynthia after June 1971, because she was living with him after that time, and that all support obligations for Michael and Stephen had terminated because they had

obtained their majority. On January 31, 1973, the decree was entered finding that the rule to show cause should be dismissed for the reason that the defendant's obligation to support ceased when the children reached their respective majority and that the plaintiff was equitably estopped from asserting any child support payments for Cynthia after September 1971 when she apparently began permanent residence with her father. On January 22, 1973, the plaintiff filed a petition to modify the divorce decree as to child support to require the defendant to pay a sum for the support of the children for educational purposes. All three children were then in college. A motion to dismiss the modified petition was filed and on February 14, 1973, the trial court found that the amended petition for educational expenses was inappropriate under the applicable Illinois statute and that the plaintiff now seeks relief which was barred by the court order entered on January 31, 1973. This appeal is from the order terminating support because the children reached their majority and from the order denying a modification of the decree to provide for payments for educational purposes.

■■ Cynthia went to live with her father in June, 1971, and in September, 1971, her father began unilateral termination of payments to his former wife without a modifying court order because, as he testified, his former wife stated that he did not have to continue such payments. The wife denied that she had ever consented to this reduction after Cynthia's residence became permanent in September. It is well settled in this state that past due installments for child support are a vested right and the court is without authority to modify the amount due of such installments. This court is committed to that proposition. (*Stark v. Stark*, 131 Ill.App.2d 995, 269 N.E.2d 107; *Armstrong v. Ingram*, 7 Ill.App.3d 370, 287 N.E.2d 532.) The proper procedure to follow would have been for the father to file a petition to modify the support payments. (*Gregory v. Gregory*, 52 Ill.App.2d 262, 202 N.E.2d 139.) Such modification will operate prospectively only. *Chalmers v. Chalmers*, 31 Ill.App.2d 1, 175 N.E.2d 613; *Larson v. Larson*, 21 Ill.App.2d 264, 157 N.E.2d 689.

■■ However, in *Anderson v. Anderson*, 48 Ill.App.2d 140, 198 N.E.2d 342, the court indicated that in a proper case it will give effect to an agreement by the parties to waive payments or accept a lesser amount or will apply the doctrine of equitable estoppel where that doctrine is appropriate. It seems abundantly clear that the plaintiff either consented to or acquiesced in Cynthia living with her father and he was supporting her. She became 18 years of age on August 11, 1972, and at the time of the hearing on the rule to show cause was past 18 years of age. It was not until July of 1972 that any question of termination of payments for

her support was raised. Under these circumstances, it is our opinion that this situation is appropriate for the doctrine of equitable estoppel and that as to Cynthia the trial court properly dismissed the petition for a rule to show cause. This same ruling applies to Michael for the very simple reason that he became 21 years of age on December 18, 1971, and the obligation for his support under the original order terminated on that date. Stephen did not become 21 until December 14, 1973, and as to him the dismissal of the rule to show cause is in error.

■■ The contention of the father that the effective date of the statute reducing the age of majority for males from 21 years of age to provide that all persons over 18 years of age shall be of legal age, effective August 24, 1971, terminated the father's obligation under the statute so far as further support payments were concerned after each child reached 18. Not so. Those rights were vested rights. Those rights were fixed and determined by decree at the time of its entry. When the court used the words "minor children" it meant minor children as defined under the statute existing at the time of the decree. At that time males became adults at age 21 and females at 18. (*Waldron v. Waldron,* 13 Ill.App.3d 964, 301 N.E.2d 167.) Accordingly, the trial court's order of January 31 dismissing the rule to show cause should be reversed and remanded for a redetermination of the support arrearages owed by the defendant to any of the three children in accordance with the views herein expressed.

■■ As to the petition for educational support, the trial court dismissed that petition on the grounds that such relief for adult children was inappropriate under applicable Illinois statute and further that such relief was barred by the court's order of January 31. The January 31 court order did not relate to any request by the plaintiff for educational expenses. In addition, the relief sought was clearly permissible under the Illinois law existing at that time. Section 18 of the act on divorce (Ill. Rev. Stat. 1971, ch. 40, par. 19), states: "The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper. *However, after the children have attained majority age, the court has jurisdiction to order payments for their support for educational purposes only."* (Emphasis supplied.) The defendant and the trial court apparently rely on *Crane v. Crane,* 45 Ill.App.2d 316, 196 N.E.2d 27. *Crane,* however, was decided prior to the 1967 amendment to the statute underlined above which expressly grants to the trial court the jurisdiction to order payments for adult children for educational purposes only. The statute successfully destroyed the viability of *Crane* on this point. Accordingly,

that decree denying the petition for educational purposes to adult children must be reversed and the cause remanded for a hearing to determine whether or not support for the educational expenses of the children should have been awarded and if so, in what amount.

Accordingly, the decree of February 14 and the decree of January 31 are each hereby reversed and the cause remanded to the trial court to reconsider both orders in accordance with the views herein expressed.

Reversed and remanded.

CRAVEN and CLYDESDALE, JJ., concur.