THE PEOPLE *ex rel.* MARY FOSTER, Petitioner-Appellee and Cross-Appellant, *v.* WESLEY LOUDER, JR., Respondent-Appellant and Cross-Appellee.

First District (3rd Division)    No. 80-394

Opinion filed June 30, 1981.

Ronald M. Gilford, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Elliott Muse, of Chicago (Montgomery and Holland, of counsel), for appellee.

Mr. PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Petitioner, Mary Foster, instituted these proceedings under the Paternity Act (Ill. Rev. Stat. 1979, ch. 40, par. 1351 *et seq.*) to collect child support arrearages from respondent, Wesley Louder, Jr. The trial court awarded petitioner arrearages for less than the amount sought and also awarded petitioner attorney's fees. On appeal, respondent argues that equitable estoppel precluded the award of arrearages, the award of attorney's fees was improper and excessive, and petitioner lacks standing to prosecute the action. Petitioner cross-appeals, claiming that she is entitled to the full amount of arrearages. We affirm in part and reverse in part.

Petitioner and respondent maintained an intimate relationship from 1960 to 1975. Three children were born to them during the early 1960's. When complaints for paternity were filed within a year after the birth of each child, respondent admitted paternity. He was ordered to pay child support totalling $74 per month.

According to respondent, he paid the child support until at least February 1966. Sometime during that year, petitioner told him that her

apartment was too crowded, and that she wanted to move to an apartment in a Chicago Housing Authority building. Petitioner claimed that the CHA refused her application because respondent's signature was not on it. Respondent told petitioner that he did not think a highrise was a good place for children to live. He therefore promised her that he would provide her and the children with a good, clean apartment in a good neighborhood if she would agree not to enforce the support orders. Respondent testified that petitioner agreed to this arrangement. Respondent then purchased a building on Laflin Street in Chicago. Petitioner and her children moved into the first floor apartment at the Laflin address in January 1967. The second floor of the building, which contained an apartment identical to the one occupied by petitioner, was rented to another tenant.

Respondent further testified that in addition to providing petitioner and the children with a rent-free apartment, he also gave them money and groceries. He provided the children with clothing and paid for certain medical expenses incurred by them.

Petitioner testified that there is a close relationship between respondent and the children. She stated that her move into the apartment on Laflin was precipitated by respondent's request and that respondent said they would get married after the move took place. Petitioner further testified that she lived in the Laflin apartment from January 1967 until October 1979. During this time, she only paid rent twice. Respondent bought groceries on several occasions and gave petitioner money on several occasions. However, in October 1979, petitioner vacated the apartment because respondent served her with a 5-day notice.

We first address the issue of whether an award for arrearages against respondent was proper. Respondent relies upon the doctrine of estoppel and contends that the award for arrearages is therefore improper. We agree. An estoppel arises where the voluntary conduct of one party precludes that party from asserting rights against another person who has, in good faith, relied upon such conduct to change his position to his detriment. (*In re Marriage of Strand* (1980), 86 Ill. App. 3d 827, 830, 408 N.E.2d 415, 417.) The evidence to support an estoppel must be clear and unequivocal. Thus, the mere failure to demand payment of arrearages or the passage of time without seeking redress would not create an estoppel. *Jozwick v. Jozwick* (1979), 72 Ill. App. 3d 17, 21-22, 390 N.E.2d 488, 491.

Here, in addition to petitioner's failure to make a demand for child-support payments during an extended period, other substantial factors are present which create an estoppel. For 12½ years the petitioner and the children lived in an apartment in a building owned by respondent. Respondent charged them no rent. Another tenant in the building, occupying an identical apartment, paid $150 per month. At the time of

trial, the tenant's rent had been increased to $200 per month. Thus, respondent refrained from collecting rent for the apartment occupied by petitioner and the children for 12½ years, during which time he could have received over $20,000 in rental income. Respondent testified that he allowed petitioner and the children to live in the apartment without paying rent based upon his agreement with petitioner that she would not prosecute him for arrearages. Petitioner did not specifically deny the existence of the agreement, stating only that she moved to the apartment at respondent's request. In addition, during this period of time, defendant frequently bought groceries and gave petitioner money. He testified that this money was being used to support the children. Also, he paid the children's medical and dental bills, bought them clothes and gave them money.

■■ While none of these factors alone would create an estoppel, when viewed in their totality, the factors require that petitioner be estopped from obtaining arrearages for child support from respondent. Accordingly, the trial court properly applied the doctrine of estoppel as to the claim for arrearages. However, instead of applying estoppel to the full arrearages, the trial court merely gave respondent an $8,000 credit on the $14,793 claimed by petitioner, leaving $6,793 as arrearages to be paid by respondent. This was error. The support provided by respondent and accepted by petitioner for 12½ years establishes an estoppel for the entire amount of the claimed arrearages. (*Cf. Strum v. Strum* (1974), 22 Ill. App. 3d 147, 149-50, 317 N.E.2d 59, 61-62; also see *In re Marriage of Strand* (1980), 86 Ill. App. 3d 827, 831, 408 N.E.2d 415, 417.) The respondent should not have been ordered to pay petitioner any alleged arrearages for child support.

We next address the issue of attorney's fees. The trial court awarded petitioner $200 less than requested for her attorney's fees, which were to be paid by respondent. Respondent contends that petitioner is not entitled to attorney's fees because there was no evidentiary hearing as to the amount of the fees.

■■ If there is a request for an evidentiary hearing, the court must grant an evidentiary hearing to determine the amount of attorney's fees. (*People ex rel. Holland v. DeMichael* (1979), 79 Ill. App. 3d 974, 981, 398 N.E.2d 1138, 1143; see *Moreau v. Moreau* (1973), 9 Ill. App. 3d 1008, 1009, 293 N.E.2d 680, 681.) However, we conclude that if no request for an evidentiary hearing is made, an award for attorney's fees that is otherwise supported by the record should not be reversed merely because there was no evidentiary hearing as to the amount. Here, the record demonstrates that respondent did not request an evidentiary hearing as to the amount of the attorney's fees. Consequently, we will not reverse the award on that basis.

■■ The amount awarded for attorney's fees in domestic relations cases must be supported by the record. A mere request for attorney's fees is not sufficient to support an award for attorney's fees. (*In re Marriage of Giammerino* (1981), 94 Ill. App. 3d 1058, 1061, 419 N.E.2d 598, 600.) However, this does not mean that expert testimony or an evidentiary hearing is necessary. The amount awarded for attorney's fees may be supported by other matters appearing in the record, including the number of hours counsel represents that he worked on the case or is expected to work on the case and as are reasonably justified by the nature of the case, the type of work that the record reflects was done or is expected to be done by counsel, counsel's normal billing charge, the amount customarily charged for similar services in the community where the services are rendered provided it is within the jurisdictional area of the court, the skill and expertise demonstrated by counsel, the nature and complexity of the case as reflected by the record itself, the degree of responsibility involved, the pleadings and other documents on file, and the benefit or result achieved. If no evidentiary hearing is requested, these matters can be determined by the trial court and reflected in the record for review.

In the present case, after the trial, petitioner's attorney advised the court that he was seeking an award of attorney's fees for a specified amount to be paid by respondent. The judge proceeded to ask counsel several questions, including how much time he spent on the case, how long he had been practicing, how many cases relating to family matters he had handled and his normal billing charge. Respondent did not object to the procedure followed by the trial court. Rather, respondent merely expressed skepticism as to the number of hours petitioner's counsel stated that he worked on the case. Following its inquiry, the trial court awarded petitioner $200 less than she had requested for her attorney's fees, which were to be paid by respondent.

■■ Under the circumstances, the record demonstrates that the trial court was sufficiently advised regarding the award of attorney's fees. It was not necessary for the trial court to conduct an evidentiary hearing or hear expert testimony to determine the amount of attorney's fees to be awarded. We conclude that the record is sufficient to support the award of attorney's fees.

■■ Respondent next contends that petitioner does not have standing to bring this action under the Paternity Act (Ill. Rev. Stat. 1979, ch. 40, par. 1351 *et seq.*). Respondent states, "Nowhere does the Paternity Act contemplate that a mother who had been a Public Aid recipient may institute an action in her own behalf by a privately retained attorney." Respondent argues that this case involves a supplementary proceeding under the Paternity Act and that such a proceeding must be brought by the Attorney General or the State's Attorney. This argument is untenable.

We find no language in the Paternity Act making it mandatory for a woman seeking relief under the Act to call upon the Attorney General or the State's Attorney to institute her action. Rather, it seems clear from the Act that the legislature intended to provide a prosecutrix with an alternative procedure to retaining private counsel. See *People ex rel. Adams v. Sanes* (1968), 41 Ill. 2d 381, 384, 243 N.E.2d 233, 235; *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 88-89, 344 N.E.2d 447, 455.

Accordingly, the order for arrearages is reversed. The order awarding attorney's fees is affirmed.

Reversed in part and affirmed in part.

McNAMARA and WHITE, JJ., concur.