*In re* Estate of ANICE P. CAHILL, Deceased.—(Chris Vallas, Coroner of Macon County, Claimant-Appellant, (4—82—0139) *v.* Daniel Cahill, Ex'r of the Estate of Anice P. Cahill, Deceased, Respondent-Appellee.)—*In re* Estate of THELMA D. SCHAUB, Deceased.—(Chris Vallas, Coroner of Macon County, Claimant-Appellant, (4—82—0140) *v.* Frederick Schaub, Ex'r of the Estate of Thelma D. Schaub, Deceased, Respondent-Appellee.)

Fourth District   Nos. 4—82—0139, 4—82—0140 cons.

Opinion filed September 21, 1982.

Basil G. Greanias, State's Attorney, of Decatur, for appellant.

Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur (Roswell C. Prince and Donald E. Brilley, of counsel), for appellees.

JUSTICE LONDRIGAN delivered the opinion of the court:

In these two consolidated cases, the Coroner of Macon County filed claims in the respective estates seeking a fee for the preliminary investigation conducted by the coroner in each case. The trial judge denied both claims, finding that the investigations were not required under section 10 of "An Act to revise the law in relation to coroners" (Ill. Rev. Stat. 1981, ch. 31, par. 10). We affirm.

The issue presented for review is whether the coroner is entitled to his fees for conducting a preliminary investigation in each case.

Anice Cahill became ill at church on September 27, 1980, and was taken to St. Mary's Hospital and placed in the intensive care unit until her death October 1, 1980. She was under the care of Dr. Charles O. Stanley while in the hospital.

The death certificate was signed by Dr. Charles O. Stanley, who attended Mrs. Cahill from March 20, 1961, until her death, and contained a notation that the coroner had been notified; the coroner's records showed that a preliminary investigation was conducted.

Mrs. Cahill's death certificate was admitted into evidence. It stated that she was 85 years old and listed the immediate cause of her death as brain stem stroke with respiratory failure. The stated approximate interval between the onset of that condition and death was four days. Addison's disease was listed as another significant condition contributing to her death. No autopsy was performed.

Chris Vallas, Coroner of Macon County, stated that the coroner's investigation revealed that Mrs. Cahill's death was a natural death.

On February 1, 1980, Thelma Schaub was stricken while eating supper and taken to Decatur Memorial Hospital. She was admitted to the intensive care unit of the hospital by Dr. Paul R. Stanley and remained there until her death on February 4, 1980, under the care of Dr. Paul R. Stanley and Dr. Hubbard.

Vallas testified that according to the coroner's records the coroner was called by the hospital and conducted a preliminary investigation and that the standard procedure is for the doctor and coroner to confer about which one of them will sign the death certificate.

The death certificate was signed by Dr. Paul R. Stanley, and there was no notation that the coroner was called by the doctor.

Mrs. Schaub's death certificate was admitted into evidence. It noted that she was 76 years old and listed the immediate cause of her death as brain stem infarction; the stated approximate interval between the onset of that condition and death was three days. There was no notation on the certificate that the coroner was notified of Mrs. Schaub's death. No autopsy was performed.

Vallas stated that his predecessor as coroner, Dr. John K. Morrison, and Mrs. Schaub's attending physician concluded that her death was a natural death. The coroner's report indicated that Dr. Paul R. Stanley would sign the death certificate. The police were not notified of Mrs. Schaub's death, no blood specimens were taken, and no inquest was performed.

The authority of a coroner to make a preliminary investigation into the circumstances of a death is governed by section 10 of "An Act to revise the law in relation to coroners" (Ill. Rev. Stat. 1981, ch.

31, par. 10), which says in pertinent part:

"Every coroner, whenever, as soon as he knows or is informed that the dead body of any person is found, or lying within his county, whose death is suspected of being:

(a) A sudden or violent death, whether apparently suicidal, homicidal or accidental, including but not limited to deaths apparently caused or contributed to by thermal, traumatic, chemical, electrical or radiational injury, or a complication of any of them, or by drowning or suffocation;

(b) A maternal or fetal death due to abortion, or any death due to a sex crime or a crime against nature;

(c) A death where the circumstances are suspicious, obscure, mysterious or otherwise unexplained or where, in the written opinion of the attending physician, the cause of death is not determined;

(d) A death where addiction to alcohol or to any drug may have been a contributory cause; or

(e) A death where the decedent was not attended by a licensed physician;

shall go to the place where the dead body is, and take charge of the same and shall make a preliminary investigation into the circumstances of the death."

■ The trial judge made only factual findings in his February 10, 1982, docket entry stating in part as follows:

"After reviewing the testimony and exhibits in this case and various cases cited by counsel, it is the finding of the Court that although the coroner's office may have been requested to be present by some member of the hospital staff, there was no indication that at the time the coroner was summoned, any of the conditions cited in Sec. 10(a)-(e) existed with regard to the decedent.

It is, therefore, the finding of the Court that although the coroner did conduct a preliminary investigation, there was no indication that the investigation was required under any of the paragraphs of Sec. 10. Therefore, the claim by the coroner for his fee shall be denied."

" 'It is the trial court that observes and hears the witnesses and analyzes the testimony. It is not for a court of appeal to substitute its findings for those of the trial court unless such findings are clearly and palpably erroneous and against the manifest weight of the evidence.' " *Stark v. Stark* (1971), 131 Ill. App. 2d 995, 997, 269 N.E.2d 107, 109.

■ The coroner argues that the two women died suddenly, but the records in these cases amply support the trial court's findings that none of the conditions cited in section 10(a) through (e) existed with respect to either decedent. Because these were not sudden deaths, the coroner had no authority under section 10(a) to conduct preliminary investigations. Both decedents were elderly women who suffered brain stem strokes and died in a hospital, under a medical doctor's care, three and four days later. The coroner in the two cases at bar therefore exceeded his authority by conducting preliminary investigations in situations other than those specified in section 10.

The coroner's preliminary investigations were not required and the statutory fee was properly denied. The trial court's factual findings to that effect were not against the manifest weight of the evidence, and its judgments are affirmed.

Affirmed.

GREEN, P. J., and WEBBER, J., concur.