THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOSE CORREA, Defendant-Appellee.

First District (5th Division)   No. 1—91—3422

Opinion filed March 31, 1993.

MURRAY, J., concurring in part and dissenting in part.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kevin Sweeney, and George J. Arnold, Assistant State's Attorneys, of counsel), for the People.

Levin & Perconti (Steven M. Levin, of counsel) and John C. Egan, Ltd. (John C. Egan, of counsel), both of Chicago, for appellee.

JUSTICE COUSINS delivered the opinion of the court:

The State appeals from the trial court's dismissal of the four-count indictment against defendant Jose Correa on double jeopardy grounds. According to the State, the order of dismissal was erroneous, defendant should have been barred from raising double jeopardy, and the trial court erred in accepting defendant's guilty plea to the traffic charges.

On June 24, 1989, around 5:30 p.m., defendant was driving a Ford Ranger near 6300 West North Avenue in Chicago, when he struck Peter Caracci. Caracci died of multiple internal injuries. An open alcohol container was recovered from defendant's truck, and defendant failed a sobriety test. Four citations were issued at the accident site: driving across the median, driving under the influence of alcohol, possession of alcohol by a motorist and operation of a vehicle without due caution. Ill. Rev. Stat. 1989, ch. 95½, pars. 11—708(d), 11—501, 11—502; Chicago Municipal Code §27—255 (1984).

Subsequently, defendant was indicted for reckless homicide and driving under the influence of alcohol. The two counts of reckless homicide charged defendant with striking the victim while defendant's blood-alcohol level was above .10, and driving under the influence of alcohol and at an excessive rate of speed. The case was assigned, and on December 8, 1989, defendant consented to a plea conference in the criminal division of the circuit court of Cook County. Nothing, however, then occurred.

On January 16, 1991, defendant was arrested and held in custody overnight. The following morning he appeared in traffic court, and the following colloquy occurred:

"[DEFENSE COUNSEL]: Judge, my name is John Egan on behalf of defendant, Jose Correa. I have not seen the old file, driving under the influence at 6232 West North Avenue.

THE COURT: It's North—yeah, this is it. It's a—driving under the influence, which is a misdemeanor, and then he has some petty offenses, such as, open alcohol, negligent driving; that's striking a pedestrian; and 11—708, going the wrong way down a one-way roadway; and striking the traffic island.

[DEFENSE COUNSEL]: Would you—if he state's [*sic*] he's prepared to plead guilty—we're prepared to enter a guilty plea.

[ASSISTANT STATE'S ATTORNEY]: Your Honor, does the record indicate that he struck a pedestrian?

THE COURT: Yeah.

[ASSISTANT STATE'S ATTORNEY]: Is there any indication of how seriously injured the pedestrian was?

THE COURT: No.

[ASSISTANT STATE'S ATTORNEY]: I don't think we'd be willing to accept the plea at this time.

THE COURT: But he has a right to plead guilty any time he wants to, Harry. I can't stop him from pleading guilty.

[ASSISTANT STATE'S ATTORNEY]: Okay."

The trial court asked if defense counsel wanted a continuance for sentencing, and counsel replied that defendant could be sentenced immediately. The trial court then questioned defendant concerning the four citations and accepted defendant's plea. The court sentenced defendant to one year's conditional discharge and imposed a $500 fine.

On March 14, 1991, defendant filed a motion to dismiss the four-count indictment on double jeopardy grounds. At the hearing on defendant's motion, Assistant State's Attorneys Kathy Hanlon and Edward Snow testified that they participated in the plea conference in defendant's case, and the trial court indicated that defendant would receive a penitentiary term upon a plea. Snow further testified he was led to believe by defense counsel and the court that no other charges arising from the traffic fatality were pending against defendant.

The trial court granted defendant's motion, finding that the United States Supreme Court's decision in *Grady v. Corbin* (1990), 495 U.S. 508, 109 L. Ed. 2d 548, 110 S. Ct. 2084, required such a result.

Initially, the State contends that the trial court erred in granting defendant's motion to dismiss because there was no indication that the State would need to prove conduct in the reckless homicide trial for which defendant had been prosecuted. Under the test set forth in *Grady*, a successive prosecution is barred on double jeopardy grounds if "to establish an essential element of an offense charged in that prosecution, [the State] will prove conduct that constitutes an offense for which the defendant has already been prosecuted." (*Grady v. Corbin*, 495 U.S. at 521, 109 L. Ed. 2d at 564, 110 S. Ct. at 2093.) The State contends that the trial court erred in granting defendant's motion because conduct other than that for which defendant was convicted could have been utilized as an essential element of the reckless homicide charge.

In the instant case, the indictment charged defendant with one count of reckless homicide based upon striking a pedestrian while defendant's blood-alcohol content was greater than .10, and the second count of reckless homicide charged defendant with driving under the influence of alcohol at an excessive speed and striking the victim. Defendant pleaded guilty to four traffic citations, specifically for driving across the median, driving while under the influence of alcohol, possession of alcohol by a motorist and negligent driving by striking a pedestrian. While the State contends that it need not rely on conduct for which defendant has been convicted to establish reckless homicide, our review of the indictment and defendant's previous convictions reveals that the State must rely upon conduct for which defendant was previously convicted in order to conform to the offenses charged in the indictment.

In the instant case, defendant set forth evidence indicating that the indictment for reckless homicide presents charges for which he was previously placed in jeopardy. Once defendant presents a nonfrivolous showing on this issue, the State has the burden of demonstrating that the charged offenses are separate and distinct from the previously prosecuted offenses. (*People v. Stefan* (1992), 146 Ill. 2d 324, 341, 586 N.E.2d 1239, citing *Corbin*, 495 U.S. at 522 n.14, 109 L. Ed. 2d at 565 n.14, 110 S. Ct. at 2094 n.14.) The State did not meet this burden, and the indictment was properly dismissed on double jeopardy grounds.

The State further asserts that defendant should be barred from raising double jeopardy based upon defense counsel's failure to inform the court of the death of the victim and the pending felony charges. In support of this contention, the State cites *Semmens v. Semmens* (1979), 77 Ill. App. 3d 936, 396 N.E.2d 1282, for the proposition that attorneys must be honest and forthright in their course of conduct with the court.

*Semmens* is clearly distinguishable from the instant case. In *Semmens* counsel submitted a settlement agreement in a divorce action without informing the court that there was an addendum to the agreement. Further, counsel presented testimony that the settlement agreement was fair, but failed to present any information about the modification. The court concluded that this situation constituted misrepresentation by counsel, who did not simply remain silent; rather, counsel informed the court that the parties had reached a settlement agreement and presented testimony concerning the agreement without divulging that this did not represent the actual agreement.

In the instant case, defense counsel neither informed the court during the proceedings on the traffic citation that a fatality was involved nor that felony charges were pending against defendant. This silence did not present a direct misrepresentation. We do not approve the

conduct of counsel in permitting the court to err in the face of his knowledge that the court was proceeding under a missupposition. However, such conduct on the part of counsel *does* not *invalidate* the judgment entered by the court so as to preclude the attachment of double jeopardy.

■ The State asserts that defense counsel procured the initial prosecution and then wrongfully failed to disclose the fatality and felony charges. However, defendant was arrested on January 16, 1991, held in jail overnight and his case was called in traffic court the following morning. At that time, defense counsel informed the court that defendant wished to enter a plea of guilty. This factual scenario does not indicate that defense counsel procured the prosecution. Thus, we reject this argument.

■ Finally, the State asserts that the trial court erred in accepting defendant's guilty plea to the traffic charges, and since the initial convictions were in error, they should not serve to bar the criminal prosecution. Defendant responds that we do not have jurisdiction to consider this claim because the State did not perfect an appeal.

In the instant case, the State properly appealed from the dismissal of the indictment. Consideration of the previous proceeding is necessary to assess the double jeopardy claim, so it is appropriate that we consider the State's argument to the extent necessary to evaluate the double jeopardy claim despite the absence of a direct appeal from the initial convictions. *People v. Pankey* (1983), 94 Ill. 2d 12, 445 N.E.2d 284.

In *People v. Deems* (1980), 81 Ill. 2d 384, 410 N.E.2d 8, the defendant's indictment for theft was dismissed on double jeopardy grounds based upon his prior acquittal for receiving stolen property. However, the Illinois Supreme Court held that the initial prosecution was a sham which did not subject the defendant to jeopardy. After the prosecutor informed the court that the defendant did not commit the offense and moved to dismiss the charges, the trial judge proceeded to trial, at which no evidence was presented, and then acquitted the defendant.

There is an old proverb "haste makes waste." In this case, the haste by the trial judge in accepting the defendant's guilty plea to the charge of driving while under the influence without full knowledge of the circumstances was a mistake.

The fifth amendment guarantee against double jeopardy (U.S. Const., amend. V), enforceable against the State under the fourteenth amendment (U.S. Const., amend. XIV), affords individuals three types of protection: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple

punishments for the same offense. (*North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072; *People v. Stefan* (1992), 146 Ill. 2d 324, 586 N.E.2d 1239; *People v. Porter* (1st Dist. October 9, 1992), No. 1—92—1388, *appeal allowed* (1993), 148 Ill. 2d 650).) The Illinois Constitution provides that "[n]o person shall be compelled in a criminal case to *** be twice put in jeopardy for the same offense." Ill. Const. 1970, art. I, §10.

The circumstances in the case at bar are analogous to the circumstances in *Grady v. Corbin* (495 U.S. 508, 109 L. Ed. 2d 548, 110 S. Ct. 2084). We are compelled to follow the decision in *Corbin*.

Accordingly, we hold that the defendant was subject to jeopardy when the trial court accepted his guilty pleas.

The State argues that the court's stated belief that the guilty plea had to be accepted was incorrect. Even so, the mistake does not establish a basis for reversing the traffic convictions. Since the defendant was subject to former jeopardy, this successive prosecution is barred.

For the foregoing reasons, the order of dismissal is affirmed.

Affirmed.

GORDON, P.J., concurs.

JUSTICE MURRAY, concurring in part and dissenting in part:

Although I agree with the majority's result based on the existing law, I am of the opinion we should defer deciding the case until the Illinois Supreme Court decides *People v. Porter* (1st Dist. October 9, 1993), No. 1—92—1388, *appeal allowed* (1993), 148 Ill. 2d 650. The *Porter* case involves double jeopardy and its application to a previous acquittal by a Federal court. A decision by the supreme court in that case could determine the eventual outcome of this appeal. Correa is not incarcerated so that no one is injured by the delay.

The statement in the majority opinion "haste makes waste" may well apply to this court as it does to the trial court's rapid acceptance of Correa's plea.